# Exhibit B



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

**Tejal D. Shah**
Tel: (212) 336-0121
shahte@sec.gov

June 7, 2016

**Via UPS and e-mail to timothy.anderson@dinsmore.com**

Timothy B. Anderson
Dinsmore Sole LLP
1800 JFK Boulevard
Suite 1000
Philadelphia, PA 19103

Re:   **In the Matter of Wisconsin Public Finance Authority (NY-9510)**

Dear Mr. Anderson:

The staff of the United States Securities and Exchange Commission (the "Commission") is conducting a non-public investigation in the matter identified above. The enclosed subpoena has been issued to you pursuant to a formal order entered by the United States Securities and Exchange Commission ("Commission"). The subpoena requires you to produce documents specified in the subpoena attachment to the Commission by **Tuesday, June 21, 2016**.

Unless otherwise indicated, the subpoena requires the production of original materials. For your convenience and at your expense, however, you may for now satisfy this requirement by producing complete, clear and legible copies of the documents specified. If you do produce copies, you must maintain the originals in a safe and secure manner and make the originals available to the staff on request. I will notify you if and when they are required.

Please produce all documents in an electronic format consistent with the enclosed SEC Data Delivery Standards. All electronic documents responsive to the document subpoena, including all metadata, should be produced in their native software format. For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov. Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the

Timothy Anderson
June 7, 2016

data. If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible and, in any event, before producing documents.

This inquiry is non-public and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, nor as a reflection upon any person, entity, or security. Information provided is subject to the Commission's routine uses. A description of those uses is contained in the enclosed copy of SEC Form 1662, which also contains other important information. Please review SEC Form 1662 prior to providing any information responsive to this subpoena.

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

Please send all documents to **ENF-CPU, U.S. Securities & Exchange Commission, 100 F. Street, N.E., Mailstop 5973, Washington, DC 20549-5973,** along with a copy of the subpoena.

If you have any questions concerning this matter, you may call me at (212) 336-0121 or Adam Grace at (212) 336-0083.

Very truly yours,

Tejal D. Shah
Counsel

Enclosures:

    SEC Form 1662
    Subpoena with Attachment
    SEC Data Delivery Standards



## SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Wisconsin Public Finance Authority (NY-9510)

To:   Timothy B. Anderson
      Dinsmore Sole LLP
      1800 JFK Boulevard
      Suite 1000
      Philadelphia, PA 19103

**YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 100 F. Street, N.E., Mailstop 5973, Washington, DC 20549-5973, on **Tuesday, June 21, 2016** at 10:00 a.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**. Failure to comply may subject you to a fine and/or imprisonment.

By:  _____          Date:   June 7, 2016
     Tejal D. Shah
     Counsel
     Division of Enforcement
     (212) 336-0121

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:   If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

<u>SUBPOENA ATTACHMENT</u>

**Timothy Anderson**
**June 7, 2016**

<u>In the Matter of Wisconsin Public Finance Authority (NY-9510)</u>

A.    <u>Definitions</u>

Unless otherwise stated, the terms set forth below are defined as follows:

1.    **"Documents"** shall mean all records and other tangible forms of expression including, but not limited to, originals, drafts or finished versions, or annotated or nonconforming copies, however created, produced or stored (manually, mechanically, electronically or otherwise), including electronic mail ("email"), instant messages, blog entries, social media postings, books, papers, files, notes, confirmations, accounts statements, correspondence, memoranda, reports, records, journals, registers, ledgers, work papers, worksheets, books of account, journals, audits, accountants' calculations, bills, invoices, receipts, orders, analyses, plans, manuals, policies, telegrams, faxes, telexes, wires, telephone logs, telephone messages, message slips, minutes, notes or records or transcriptions of conversations or communications or meetings, tape recordings, disks, and other electronic media, microfilm, microfiche, storage devices, press releases, contracts, agreements, calendars, date books, appointment books, diaries, notices, summaries, and any other papers or records (other than duplicative copies in the possession of an individual), however or by whomever prepared, in Your possession, custody, or control.  Without limitation on the foregoing, it includes all attachments and enclosures to any document, as well as the file label, file folder label, file drawer label and box label in which each document is located.

2.    **"Communications"** shall mean any correspondence, contact, discussion, e-mail, instant message, blog entry, social media posting, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more persons or entities, including, but not limited to, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges or transmittals of a Document or Documents.

3.    The connectives **"and"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses and productions of documents that might otherwise be construed to be outside of its scope.

4.    **"All"** shall mean each and every.

5.    **"Any"** shall mean any and all.

1

6.   "**Concerning**" shall mean directly or indirectly, in whole or in part, relating to, referring to, describing, evidencing, constituting, or in any way touching upon.

7.   "**You**" and "**your**" shall mean Timothy Anderson and any entities that Timothy Anderson directly or indirectly controls.

8.   The "Relevant Time Period" is from January 1, 2014 to the present.

B.    **Instructions**

1.   Unless otherwise stated, please produce and preserve the documents specified for the Relevant Period.

2.   A copy of the subpoena should be included with the documents that are produced.

3.   All electronic documents responsive to the document subpoena, including all metadata, should be produced in their native software format. For smaller electronic productions under 10MB in size, the materials may be emailed to ENF-CPU@sec.gov.

4.   Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a separate cover letter mailed separately from the data.

5.   You may scan and produce hard copy documents in an electronic format consistent with the SEC Data Delivery Standards.

6.   If copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

7.   For documents with removable markings or attachments such as post-it notes or notation flags, you must produce copies of those documents with and without the removable markings or attachments.

8.   All copies must be identical to the originals, including even faint marks or print.

9.   Please bates-stamp all responsive documents and ensure that the Bates stamps do not conceal any writing or marking on the documents. Do not bates-stamp or add any identifying notations on original documents.

10. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features or shall be organized and labeled to correspond to the appropriate request herein.

11. Please produce a list briefly describing each document or category of documents produced and the corresponding Bates range. The list should state which item(s) in the subpoena attachment each document or category of documents responds to. If there are no documents responsive to any particular item, you shall so state in writing.

12. If you object to producing any document or any other tangible thing, or any portion thereof, or to disclosing any information contained therein, on the basis of any privilege, you should submit a list of what you are not producing. The list should describe each item separately, noting: (a) its author(s); (b) its date; (c) its subject matter; (d) the name of the person who has the item now, or the last person known to have it; (e) the names of everyone who ever had the item or a copy of it, and the names of everyone who was informed about the item's contents; and (f) the reason you did not produce the item. If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved and provide any other information required by Federal Rule of Civil Procedure 26(b)(5).

13. If any document responding to all or any part of any request for documents is not currently available, include a statement to that effect and furnish whatever documents are available. Include in your statement when such document or documents were most recently in your possession or subject to your control and what disposition was made of them, and identify each person currently in possession or control of such documents. If any of such documents have been destroyed, state when and where such documents were destroyed, identify each person who directed that the documents be destroyed, the person who actually destroyed the documents, and state the reason(s) the documents were destroyed.

14. Please also provide a narrative description describing what was done to identify and collect documents responsive to the subpoena. At a minimum, the narrative should describe:

    a.) who searched for documents;
    b.) who reviewed documents found to determine whether they were responsive;
    c.) which custodians were searched;
    d.) what sources were searched (e.g., computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, storage facilities, home offices, work offices, voice mails, home email, webmail, work email, backup tapes, or other media);
    e.) what search terms, if any, were employed to identify responsive documents;
    f.) what firms and/or persons, if any, assisted in analyzing the data collected;
    g.) what third parties, if any, were contacted to obtain responsive documents (e.g., phone companies for phone records, brokerage firms for brokerage records); and
    h.) where the original electronic and hardcopy documents are maintained and by whom.

15. Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

16. The Commission shall supplement this document subpoena if, and when, necessary.

## C.   **Documents to Produce**

You are directed to produce all of the following documents in or subject to your possession, custody or control for the Relevant Time Period:

1. All Documents concerning bonds issued or to be issued by or on behalf of Public Finance Authority and/or Infrastructure Development Cooperative, including, but not limited to, the Series 2015A Taxable Revenue Bonds (Infrastructure Development Cooperative – Propane Supply and Distribution Project) and the Series 2016A Taxable Revenue Bonds (Infrastructure Development Cooperative – Propane Supply and Distribution Project).  This request includes, but is not limited to, all communications concerning the bonds and all documents concerning the issuance, sales, or transfer of such bonds; the pricing or reported pricing of such bonds; valuation of such bonds; the use of bond proceeds; due diligence materials concerning such bonds; representations made to any purchasers concerning such bonds; any compensation received or to be received by you or anyone else in connection with the issuance, sale, or transfer of such bonds.

2. All Documents, including Communications, concerning the bonds described in Request No. 1 and any of the following:

   a.  Infrastructure Development Cooperative;
   b.  Gabe Doney;
   c.  Wakpamni Lake Community Corp.;
   d.  Raycen Raines;
   e.  Zions Bank;
   f.  U.S. Bank;
   g.  Keith Henselsen;
   h.  Steven Haynes;
   i.  Haynes Investments, LLC;
   j.  Highland Park Management LLC;
   k.  Mark McGinnis of Greenberg Traurig LLP;
   l.  Sovereign Government Services Agency;
   m.  Johnny Madrid;
   n.  Hector Franco;
   o.  Cabrera Capital Markets, LLC;
   p.  Malachi Financial Products, Inc.;
   q.  Porter B. Bingham;

4

r.   Francisco Martin;
s.   Hugh Dunkerley;
t.   Fondinvest Capital;
u.   Jason Galanis;
v.   John Galanis;
w.  Andrew Godfrey;
x.   Devon Archer;
y.   Jason Sugarman;
z.   Bevan Cooney;
aa. Gary Hirst;
bb. Bonwick Capital;
cc. Devin Wicker;
dd. Michael Murray;
ee. Tony Stovall;
ff. Cabrera Capital Markets, LLC;
gg. Martin Cabrera;
hh. Robert Louis Aguilar;
ii. Burnham Securities;
jj. Burnham Financial Group; and
kk. Burnham Asset Management.

## SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

### Supplemental Information for Persons Requested to Supply
### Information Voluntarily or Directed to Supply Information
### Pursuant to a Commission Subpoena

**A. False Statements and Documents**

Section 1001 of Title 18 of the United States Code provides as follows:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
> shall be fined under this title, imprisoned not more than 5 years . . . or both.

**B. Testimony**

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever--
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

SEC 1662 (08-13)

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

5.    *Fifth Amendment and Voluntary Testimony*.  Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.    *Formal Order Availability*.  If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C.  Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D.  Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self addressed envelope.

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17.  To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18.  To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19.  To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20.  To respond to subpoenas in any litigation or other proceeding.

21.  To a trustee in bankruptcy.

22.  To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * * *

*Small Business Owners:* The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-551-4933 or the SEC's Small Business Ombudsman at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.



# U.S. Securities and Exchange Commission

## Data Delivery Standards

The following outlines the technical requirements for producing scanned paper collections, email and electronic document/native file collections to the Securities and Exchange Commission. The SEC uses Recommind® *Axcelerate* v4.5 software to search, review and retrieve documents produced to us in electronic format. Any proposed production in a format other than those identified below, the proposed use of *Predictive Coding, computer-assisted review* or *technology-assisted review* (TAR), or the use of de-duplication during the processing of documents, must be discussed with and approved by the legal and technical staff of the Division of Enforcement (ENF) and the methodology must be disclosed in the cover letter. We appreciate your efforts in assisting us by preparing data in a format that will enable our staff to use the data efficiently.

General Instructions ................................................................................................................1

Delivery Formats....................................................................................................................2

    I.   Structured Data - *Concordance*® Format .......................................................... 2

        1.  Images ...................................................................................................... 2

        2.  *Concordance Image*® Cross-Reference File .......................................... 2

        3.  *Concordance*® Data File........................................................................ 3

        4.  Text ........................................................................................................ 6

        5.  Linked Native Files ............................................................................... 6

    II.  Native File Production................................................................................ 6

    III.  Audio Files ................................................................................................ 6

    IV.  Video Files................................................................................................. 7

    V.  Electronic Trade and Bank Records ........................................................ 7

    VI.  Electronic Phone Records......................................................................... 7

## General Instructions

1. A cover letter should be included with each production. *This letter MUST be imaged and provided as the first record in the load file.*
   The following information should be included in the letter:
   a. List of each piece of media (hard drive, thumb drive, DVD or CD) included in the production by the unique number assigned to it, and readily apparent on the physical media.
   b. List of custodians, identifying:
      1) The Bates range (and any gaps therein) for each custodian
      2) Total number of records for each custodian
      3) Total number of images for each custodian
      4) Total number of native files for each custodian
   c. List of fields in the order in which they are listed in the data file.
   d. Time zone in which emails were standardized during conversion (email collections only).
2. Documents created or stored electronically MUST be produced in their original electronic format, not printed to paper or PDF.
3. Data can be produced on CD, DVD or hard drive; *use the media requiring the least number of deliverables.*
4. Label all media with the following:
   a. Case number
   b. Production date
   c. Bates range
   d. Disk number (1 of X), if applicable

5. Organize productions by custodian, unless otherwise instructed. All documents from an individual custodian should be confined to a single load file.
6. All productions should be checked and produced free of computer viruses.
7. All produced media should be encrypted.
8. Passwords for documents, files, compressed archives and encrypted media should be provided separately either via email or in a separate cover letter from the data.

**Delivery Formats**

**I.** **Structured Data - *Concordance*® Format**
The SEC prefers that all data be produced in structured format prepared for *Concordance®*. All scanned paper, email and native file collections should be converted / processed to TIFF files, Bates numbered, and include fully searchable text. Additionally, email and native file collections should include linked native files.

Bates numbering documents:
The Bates number must be a unique, consistently formatted identifier, i.e., an alpha prefix along with a fixed length number for EACH custodian, i.e., ABC0000001. This format MUST remain consistent across all production numbers for each custodian. The number of digits in the numeric portion of the format should not change in subsequent productions, nor should spaces, hyphens, or other separators be added or deleted.

The following describes the specifications for producing image-based productions to the SEC and the load files required for *Concordance*® and *Concordance Image*®.

**1. Images**
   a. Images should be single-page, Group IV TIFF files, scanned at 300 dpi.
   b. File names cannot contain embedded spaces.
   c. Bates numbers should be endorsed on the lower right corner of all images.
   d. The number of TIFF files per folder should not exceed 500 files.
   e. Rendering to images PowerPoint, AUTOCAD/ photographs and Excel files:
      1) PowerPoint: All pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image.
      2) AUTOCAD/ photographs: If possible, files should be scanned to single page JPEG (.JPG) file format.
      3) Excel: TIFF images of spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, may be used instead.

**2. *Concordance Image*® Cross-Reference File**
The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

The format is as follows:
*ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

| | |
|---|---|
| *ImageID*: | The unique designation that *Concordance*® and *Concordance Image*® use to identify an image. ***Note:** This imageID key **must** be a unique and fixed length number. This number will be used in the .DAT file as the ImageID field that links the database to the images. The format of this image key must be consistent across all productions. We recommend that the format be a 7 digit number to allow for the possible increase in the size of a production.* |
| *VolumeLabel*: | Optional |
| *ImageFilePath*: | The full path to the image file. |
| *DocumentBreak*: | The letter "Y" denotes the first page of a document. If this field is blank, then the page is not the first page of a document. |
| *FolderBreak*: | Leave empty |
| *BoxBreak*: | Leave empty |
| *PageCount*: | Optional |

ll

U.S. Securities and Exchange Commission
Data Delivery Standards

Sample

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000003.TIF,Y,,,
IMG0000005,,E:\001\IMG0000003.TIF,Y,,,
IMG0000006,,E:\001\IMG0000003.TIF,,,,
```

3. *Concordance®* **Data File**

The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance®* database.

   a. The first line of the .DAT file must be a header row identifying the field names.
   b. The .DAT file must use the following *Concordance®* default delimiters:

   | | | |
   |---|---|---|
   | Comma | ¶ | ASCII character (020) |
   | Quote | þ | ASCII character (254) |
   | Newline | ® | ASCII character (174) |

   c. Date fields should be provided in the format: mm/dd/yyyy
   d. All attachments should sequentially follow the parent document/email.
   e. All metadata associated with email, audio files, and native electronic document collections must be produced (see pages 4-5).

   f. The .DAT file for scanned paper collections must contain, at a minimum, the following fields:
   1) FIRSTBATES: Beginning Bates number
   2) LASTBATES: Ending Bates number
   3) IMAGEID: Image Key field
   4) CUSTODIAN: Individual from whom the document originated
   5) OCRTEXT: Optical Character Recognition (file path, or text)

Sample of .DAT file (when text files are provided separately)

```
þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶þE:\TEXT\PC00000001.TXTþ
þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶þE:\TEXT\PC00000003.TXTþ
þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶þE:\TEXT\PC00000004.TXTþ
```

Sample of .DAT file (with text)

```
þFIRSTBATESþ¶þLASTBATESþ¶þIMAGEIDþ¶þCUSTODIANþ¶þOCRTEXTþ
þPC00000001þ¶þPC00000002þ¶þIMG0000001þ¶þSmith, Johnþ¶*** IMG0000001 ***®®The world of
investing is fascinating and complex, and it can be very fruitful. But unlike the banking
world, where deposits are guaranteed by the federal government, stocks, bonds and other
securities can lose value. There are no guarantees. That's why investing is not a spectator
sport. By far the best way for investors to protect the money they put into the securities
markets is to do research and ask questions.®® *** IMG0000002 ***®®The laws and rules that
govern the securities industry in the United States derive from a simple and
straightforward concept: all investors, whether large institutions or private individuals,
should have access to certain basic facts about an investment prior to buying it, and so
long as they hold it. To achieve this, the SEC requires public companies to disclose
meaningful financial and other information to the public. This provides a common pool of
knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a
particular security. Only through the steady flow of timely, comprehensive, and accurate
information can people make sound investment decisions.þ
þPC00000003þ¶þPC00000003þ¶þIMG0000003þ¶þSmith, Johnþ¶***IMG0000003 ***®®The result of this
information flow is a far more active, efficient, and transparent capital market that
facilitates the capital formation so important to our nation's economy.þ
þPC00000004þ¶þPC00000005þ¶þIMG0000004þ¶þSmith, Johnþ¶ *** IMG0000004 ***®®To insure that
this objective is always being met, the SEC continually works with all major market
participants, including especially the investors in our securities markets, to listen to
their concerns and to learn from their experience.®® *** IMG0000005 ***®®The SEC oversees
the key participants in the securities world, including securities exchanges, securities
brokers and dealers, investment advisors, and mutual funds. Here the SEC is concerned
primarily with promoting the disclosure of important market-related information,
maintaining fair dealing, and protecting against fraud.þ
```

U.S. Securities and Exchange Commission
Data Delivery Standards

The text and metadata of Email and the attachments, and native file document collections should be extracted and provided in a .DAT file using the field definition and formatting described below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated in each record representing an attachment "child" document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email:  mailbox where the email resided<br>Native: Individual from whom the document originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple Entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple Entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple Entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple Entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email<br>Native: Title of document (if available) |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT | 07:05 PM | Email: Time the email was sent<br>Native: (empty)<br>**This data must be a separate field and cannot be combined with the DATE_SENT field |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document<br>**The linked file must be named per the FIRSTBATES number |
| MIME_TYPE | MSG | The content type of an Email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805e2c71b$75977050$cb 8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a069 8aff95c 2fcab58712467eab4004583eb 8fb7f89 | MD5 Hash value of the document. |
| TEXT | From: Smith, John<br>Sent: Tuesday, October 12, 2010 07:05 PM<br>To: Coffman, Janice<br>Subject: Board Meeting Minutes<br><br>Janice;<br>Attached is a copy of the September Board Meeting Minutes and the draft agenda for October. Please let me know if you have any questions.<br><br>John Smith<br>Assistant Director<br>Information Technology<br>Phone: (202) 555-1111<br>Fax: (202) 555-1112<br>Email: jsmith@xyz.com | Extracted text of the native file document/email |

4. **Text**
Searchable text of the entire document must be provided for every record, at the document level.

   a. Extracted text must be provided for all documents that originated in electronic format. The text files should include page breaks that correspond to the 'pagination' of the image files. Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text.

   b. OCR text must be provided for all documents that originated in hard copy format. A page marker should be placed at the beginning, or end, of each page of text, e.g. *** IMG0000001 *** whenever possible. The data surrounded by asterisks is the *Concordance®* ImageID .

       Sample page markers with OCR text:

> *** IMG0000001 ***
>
> The world of investing is fascinating and complex, and it can be very fruitful. But unlike the banking world, where deposits are guaranteed by the federal government, stocks, bonds and other securities can lose value. There are no guarantees. That's why investing is not a spectator sport. By far the best way for investors to protect the money they put into the securities markets is to do research and ask questions.
>
> *** IMG0000002 ***
>
> The laws and rules that govern the securities industry in the United States derive from a simple and straightforward concept: all investors, whether large institutions or private individuals, should have access to certain basic facts about an investment prior to buying it, and so long as they hold it. To achieve this, the SEC requires public companies to disclose meaningful financial and other information to the public. This provides a common pool of knowledge for all investors to use to judge for themselves whether to buy, sell, or hold a particular security. Only through the steady flow of timely, comprehensive, and accurate information can people make sound investment decisions.

   c. For redacted documents, provide the full text for the redacted version.

   d. Delivery
The text can be delivered two ways:
     1) As multi-page ASCII text files with the files named the same as the ImageID field. Text files can be placed in a separate folder or included with the .TIF files. The number of files per folder should be limited to 500 files.
     2) Included in the .DAT file.

5. **Linked Native Files**
Copies of original email and native file documents/attachments must be included for all electronic productions.
   a. Native file documents must be named per the FIRSTBATES number.
   b. The full path of the native file must be provided in the .DAT file for the LINK field.
   c. The number of native files per folder should not exceed 500 files.

**II. Native File Production**
The SEC will also accept native file productions. The files must be produced as they are maintained in the normal course of business. Data must be organized by custodian named file folders.

**III. Audio Files**
Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Additionally, the call information (metadata) related to each audio recording MUST be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file.

The metadata must include, at a minimum, the following fields:

| | | |
|---|---|---|
| 1) | Caller Name: | Caller's name or account/identification number |
| 2) | Originating Number: | Caller's phone number |
| 3) | Called Party Name: | Called party's name |
| 4) | Terminating Number: | Called party's phone number |

| 5) | Date: | Date of call |
|----|-------|--------------|
| 6) | Time: | Time of call |
| 7) | Filename: | Filename of audio file |

## IV. Video Files

Video files must be produced in a format that is playable using Microsoft Windows Media Player™.

## V.   Electronic Trade and Bank Records

When producing electronic trade and bank records, provide the files in one of the following formats:

1.   MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

2.   Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

## VI. Electronic     Phone Records

When producing electronic phone records, provide the files in one of the following formats:

1.   MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.  Data must be formatted in its native format (i.e. dates in a date format, numbers in an appropriate numerical format, and numbers with leading zeros as text).

2.   Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

The metadata must include, at a minimum, the following fields in separate columns:

| 1) | Account Number: | Caller's telephone account number |
|----|-----------------|-----------------------------------|
| 2) | Originating Number: | Caller's phone number |
| 3) | Terminating Number: | Called party's phone number |
| 4) | Connection Date: | Date of call |
| 5) | Connection Time: | Start time of call |
| 6) | End Time: | End time of call |
| 7) | Elapsed Time: | Duration in minutes of the call |

Each field of data must be loaded into a separate column.  For example, Connection Date and Connection Time must be produced in separate columns and not combined into a single column containing both pieces of information.  Any fields of data that are provided in addition to those listed here must also be loaded into separate columns.