

Dilworth
Paxson LLP

DIRECT DIAL NUMBER:  
(917) 675-4259

Jennifer Platzkere Snyder  
jsnyder@dilworthlaw.com

June 20, 2016

**MEMO ENDORSED**

**VIA ECF**  
The Honorable William H. Pauley III  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street, Room 1920  
New York, NY 10007

Re: *SEC v. Archer, et al.*, 1:16-cv-03505-WHP

Dear Judge Pauley:

This Firm is counsel to non-party Timothy B. Anderson, Esquire in connection with the above-referenced matter (the "Action") and submit this letter pursuant to Local Civil Rule 37.2 and Your Honor's individual practices Rule III.A.iv. Simply put, Attorney Anderson seeks the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), so that he may appropriately balance his duties to comply with a subpoena issued in connection with the Action with his ethical duties as an attorney. *See* ABA Standing Comm. On Ethics & Prof'l Responsibility, Formal Op. 473 (2016) (discussing an attorney's obligations upon receipt of a subpoena for client documents).

By way of background, Attorney Anderson was previously a partner at this Firm,[1] where he represented Burnham Securities, Inc. ("Burnham Securities") in connection with certain bonds issued by or on behalf of Wakpamni Lake Community Corporation ("WLCC"). A copy of the Firm's engagement letter, dated June 13, 2014 and attached as Exhibit A, is signed by Hugh Dunkerley, as Managing Director of Burnham Securities. As such, Attorney Anderson served as counsel to the placement agent in connection with the bonds issued by on or behalf of the WLCC.

On or about February 1, 2016, staff attorney at the Securities and Exchange Commission ("SEC"), New York Regional Office, Tejal D. Shah, served Attorney Anderson with a subpoena *duces tecum* ("the Subpoena") for records related to the Action. The Subpoena, a copy of which is attached hereto as Exhibit B, broadly requested "[a]ll Documents, including Communications concerning bonds issued by or on behalf of [WLCC], as well Communications concerning Hugh Dunkerley, Jason Galanis and John Galanis, among others" from January 1, 2014 to the present. *See* Exhibit B at 5.

---

[1] Attorney Anderson is now a partner with the Dinsmore law firm in Philadelphia, Pennsylvania.

119105533_2

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • fax: 215-575-7200  
www.dilworthlaw.com • Cherry Hill, NJ • Harrisburg, PA • New York, NY • Red Bank, NJ • Washington, DC • Wilmington, DE

The Honorable William H. Pauley III
June 20, 2016
Page 2

Upon receipt of the Subpoena, Attorney Anderson immediately undertook efforts to produce the requested documents to the SEC on a rolling basis, in order to permit a privilege review by his client, Burnham Securities, and its counsel for the purposes of the SEC investigation,[2] Ariel Neuman of Bird Marella P.C. Before Bird Marella P.C. completed its privilege review for Burnham Securities, Attorney Neuman advised my colleague, Linda Dale Hoffa, Esquire, that Burnham Securities asserted no privilege with respect to any communications that took place between Attorney Anderson and Jason or John Galanis, who are named defendants in the instant Action.

During the period that Attorney Anderson served as placement counsel for the WLCC bond offerings, he communicated with Jason Galanis on what appeared to be a Burnham Securities e-mail domain address. Thus, on April 25, 2016, in an abundance of caution, Attorney Hoffa sent an e-mail to Jason and John Galanis, advising them of Burnham Securities' position regarding privilege. The e-mail notified them that if they did not agree with Burnham Securities and wanted to assert a claim of privilege, then they must notify Attorney Hoffa no later than close of business on May 4, 2016. The email made clear that it would be Jason and John Galanis' responsibility to defend any such claim of privilege.

On May 3 and 4, 2016, Jason and John Galanis, in separate e-mail communications with Attorney Hoffa, asserted – not on their individual behalf, nor on Burnham Securities' behalf, but on behalf of another entity called Thorsdale Fiduciary and Guaranty Company Ltd. ("Thorsdale") – the claim of privilege "over all communications between Thorsdale, or consultants engaged by Thorsdale," with Attorney Anderson in connection with the Firm's legal representation of the WLCC bond offerings. These emails are attached hereto as Exhibit C. According to Jason and John Galanis, Thorsdale was a substantial beneficial owner of Burnham Securities and also provided consultancy services to Burnham Securities in connection with the bond placements. They also contended that Thorsdale wired money to this Firm in connection with its alleged representation of Thorsdale and that "at all times precedent and subsequent to the bond offerings, Thorsdale and its officers employees and agents were relying on attorney client confidentiality when discussing and otherwise communicating with Tim Anderson regarding the legal issue involving the bonds." *See id.*

Contrary to these assertions, this Firm has no engagement letter with Thorsdale, nor one signed by either Jason or John Galanis, and the Firm is unable to identify the source of any payment of fees from or on behalf of Thorsdale. Moreover, Attorney Anderson is unaware that Thorsdale was a substantial beneficial owner of Burnham Securities or that any attorney-client was created at any time between this Firm and Thorsdale.

Nevertheless, in letters dated May 10, 2016, Attorney Hoffa provided Jason and John Galanis with a Compact Disc ("CD") reflecting written Communications that Attorney Anderson

---

[2] On March 22, 2016, Attorney Anderson made his first production of non-privileged documents to the SEC, and the production process remains ongoing.

119105533_2

The Honorable William H. Pauley III
June 20, 2016
Page 3

had with them, and she asked that they identify the specific Communications for which they claimed privilege, as well as the basis for such claims, no later than close of business on June 8, 2016. A copy of Attorney Hoffa's letters are attached hereto as Exhibit D. To date, Attorney Hoffa has not received any response from either Jason or John Galanis, nor from any counsel acting on their behalf. Thus, as of this writing, Attorney Anderson remains unaware of the specific Communications for which these defendants claim privilege and the basis for such claims.

On May 11, 2016, the SEC filed a Complaint in this Action against Jason and John Galanis, among others, asserting violations of various federal securities laws. That same day, the United States Attorney's Office for the Southern District of New York issued a complaint and warrant against Jason and John Galanis, among others, charging criminal violations of 15 U.S.C. sections 78j(b), 78ff, 80b-6 and 80b-17; 17 C.F.R. section 240.10b-5; 18 U.S.C. sections 2 and 371. *See US v. Galanis et al.*, 1:16-cr-00371-RA, Doc. No. 1. In essence, the civil and criminal complaints allege a fraud scheme in which Jason Galanis, with the help of John Galanis and others, was able to obtain undisclosed control over two registered investment advisors so that more than $43 million of client funds could be invested in the WLCC bonds and ultimately diverted to the defendants for their personal enrichment. On May 31, 2016, the Grand Jury in the Southern District of New York returned an indictment charging Jason and John Galanis, and others, with conspiracy to commit securities fraud, securities fraud, conspiracy to commit investment adviser fraud, and investment advisor fraud.

On June 7, 2016, Attorney Anderson made a second production of documents to the SEC. Presently, Attorney Hoffa is preparing Attorney Anderson's third production of documents, which will include Communications contained on the CD previously sent to Jason and John Galanis that are not confidential communications relating to legal advice and therefore not subject to a claim of privilege. These Communications will be provided as soon as the Firm's outside vendors format them in the manner directed by the SEC.

The remaining Communications contained on the CD sent to Jason and John Galanis on May 10, 2016 have not been produced to the SEC and are the basis for this letter. While Attorney Anderson desires to comply fully with the Subpoena, he is also bound by the applicable Rules of Professional Conduct and duties to protect attorney-client privilege where it may exist. Having received no response from Jason or John Galanis, nor their counsel, as to which specific Communications they are asserting privilege and the basis for such claims, Attorney Anderson has no choice but to hold off on production of this subset of Communications until the Court provides him with direction as to how he should proceed.

It is well-established that the burden of establishing the attorney-client privilege rests on the individual asserting the privilege. *See Department of Economic Development v. Arthur Anderson*, 139 F.R.D. 295, 300 (S.D.N.Y. 1991) (citing *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 305-306 (S.D.N.Y.1982)); *In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982*, 561 F. Supp. 1247, 1251 (E.D.N.Y. 1982) ("Whoever claims the

119105533_2

The Honorable William H. Pauley III
June 20, 2016
Page 4

attorney-client privilege bears the burden of establishing it."). While Jason and John Galanis have made generalized statements that the subset Communications are subject to attorney-client privilege on behalf of Thorsdale, this Firm has yet to receive a response from Jason or John Galanis, or their counsel, with respect to inquiries as to the basis for the claim of privilege as to any of the Communications between them and Attorney Anderson.

Further, our Firm did not issue an engagement letter to Thorsdale, has never conducted any conflict check as to Thorsdale, and has no record of any client file opened in Thorsdale's name. Indeed, Attorney Anderson recalls first hearing the name "Thorsdale" only months after the bond closings occurred. To the best of Attorney Anderson's recollection, he had no dealings with either Jason or John Galanis before the bond closings occurred using an e-mail domain address for Thorsdale. In light of the foregoing, Attorney Anderson does not believe that an attorney-client relationship with Thorsdale was ever established or that an attorney-client privilege with Thorsdale exists. However, were Attorney Anderson to produce records of his Communications with Jason and/or John Galanis, and later it was determined that Attorney Anderson's assessment was incorrect, he runs a serious risk of violating his ethical obligations as an attorney and could be subject to discipline.

According to the Federal Rules of Civil Procedure, "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). Thus, Attorney Anderson respectfully requests the Court's intervention on this issue and seeks a determination as to whether the remaining subset of Communications on the CD that was provided to Jason and John Galanis on May 10, 2016 are privileged, or whether Attorney Anderson may produce them to the SEC pursuant to the Subpoena. This request for judicial intervention is made in good faith, as Attorney Anderson seeks to strike a balance between his duty to comply with the SEC's Subpoena and his ethical obligations as an attorney. Courts have found similar requests to be proper, especially where the request for a protective order seeks to resolve a privilege dispute between an entity and its agent regarding the scope of the privilege and the extent to which each may assert the privilege in response to discovery. See, e.g., United States v. Wells Fargo Bank, N.A., 132 F. Supp. 3d 558 (S.D.N.Y. 2015).

As evidenced by Exhibit C, as counsel for Attorney Anderson, we have made a good faith effort to confer with Jason and John Galanis without the Court's intervention. Having received no response, Attorney Anderson respectfully requests that the Court hear him on this issue at the Court's convenience. We thank you for your consideration of this issue.

Respectfully,

Jennifer Platzkere Snyder

JPS / MTD
Enclosures — Exhibits A-D

119105533_2

The Honorable William H. Pauley III
June 20, 2016
Page 5

cc:     Linda Dale Hoffa, Esq.
        Tejal D. Shah, Esq. (SEC Counsel)
        Ariel Neuman, Esq. (Criminal Counsel)
        John Galanis
        Jason Galanis
        David Touger, Esq. (CJA Criminal Counsel)

Any party may submit a letter memorandum in support of or opposition to the proposed protective order by July 15, 2016. The parties, including any interested third-party, shall address the proposed protective order at the initial pre-trial conference on July 21, 2016 at 3:00 p.m. Counsel for attorney Timothy Anderson shall appear at the conference.

SO ORDERED:

_____    7/1/16
WILLIAM H. PAULEY III
U.S.D.J.

119105533_2