UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SECURITIES AND EXCHANGE COMMISSION, :

        Plaintiff,                :

                                        16cv3505

        -against-                :           OPINION & ORDER

DEVON D. ARCHER, *et al.*,                :

        Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        The United States Attorney's Office for the Southern District of New York (the "United States Attorney") moves to intervene in this action for the purpose of seeking a "limited stay of discovery." The United States Attorney's motion to intervene and its request for a partial stay of discovery are granted.

## BACKGROUND

        On May 11, 2016, the SEC filed this action alleging that Defendants engaged in a scheme to defraud investors using limited-recourse bonds issued by a Native American tribal entity, the Wakpamni Lake Community Corporation (the "WLCC"). (Compl. ¶ 3; see also SEC v. Atlantic Asset Management, LLC, No. 15-cv-9764 (S.D.N.Y.)) The SEC alleges that John P. Galanis and Jason W. Galanis, a father and son team, persuaded the WLCC to issue tranches of bonds for purchase by investment advisors Hughes Capital Management, LLC and Atlantic Asset Management, LLC. (Compl. ¶¶ 3–4.) According to the SEC, Jason Galanis and Hugh Dunkerley misappropriated the bond proceeds, forwarding them to various entities associated with Defendants. (Compl. ¶¶ 85–108.)

        On May 31, 2016, a grand jury in this District returned an indictment charging all of the defendants in this case with securities and investment advisor fraud. See Indictment, ECF

No. 22, United States v. Jason Galanis, No. 16-cr-371 (S.D.N.Y.). The United States Attorney moves to intervene in this SEC enforcement action and obtain a "limited stay" of discovery pending the conclusion of the criminal action. Specifically, the United States Attorney requests that the following discovery be stayed:

> (1) depositions, interrogatories, requests for admission, and any other form of discovery that would create statements of any person whom the Government asserts may be called as a witness in the criminal prosecution;
>
> (2) production of transcripts of testimony and notes of or memoranda describing interviews with; written statements made or adopted in the course of an interview by; or correspondence concerning interviews of any person whom the Government asserts may be called as a witness in the criminal action; and
>
> (3) disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).

(United States Attorney's Br., ECF No. 34, at 10–11.) In sum, the United States Attorney seeks to stay discovery that may be subject to disclosure under the Jencks Act in the criminal case. (United States Attorney's Br., ECF No. 34, at 3.) Although the SEC's submission on this motion ends with a rhetorical flourish, it takes no position on the motion.

## DISCUSSION

A non-party may move to intervene in an action in which the non-party "claims an interest relating to the property or transaction that is the subject of the action" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(a); 24(b). This Court has a well-recognized inherent power to permit the United States Attorney to intervene and stay proceedings pending the completion of a criminal case. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). To determine whether a stay is appropriate, this Court balances factors such as: (1) the extent to which the criminal case overlaps with the civil case; (2) the

status of the case; (3) the SEC's interest in proceeding expeditiously; (4) the burden on defendants; (5) the court's interests; and (6) the public interest. See Louis Vuitton, 676 F.3d at 99. The test is not a "mechanical device[] for churning out correct results in overlapping" proceedings. Louis Vuitton, 676 F.3d at 99. Rather, the propriety of a stay turns on the "district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." Louis Vuitton, 676 F.3d at 99.

There is little question that the "status of the case" and the "degree of overlap" between the civil and criminal cases favor a stay of discovery. The underlying conduct alleged in this action is the same as that alleged in the Indictment. And because the criminal action was only recently filed, materials subject to the Jencks Act need not have been disclosed. Accordingly, the primary issue is whether a partial stay accounts for the interests of the parties, the Court, and the public.

Defendant Devon Archer argues that he will be unduly prejudiced by a partial stay of discovery, as further delay will prevent him from defending himself, and harm his professional career in the meantime.[1] Archer alleges that since this action was filed, he has had to "resign from the boards of several companies" and "divest himself of significant investments," and in each instance, his counterparties cited the SEC and criminal matters as a basis for their action. (See Declaration of Matthew L. Schwartz ("Schwartz Decl."), ECF No. 48, ¶ 5.) These are serious concerns.

However, Archer's ability to defend himself in this action is not foreclosed in its entirety. The United States Attorney has only moved to stay discovery of what would be Jencks

---

[1] Defendants Gary Hirst and Bevan Cooney join Archer's motion. (See ECF Nos. 49, 50.)

3

Act material in the related criminal case, not all discovery that could occur in this action. To the extent the United States Attorney does not object, Archer is free to take discovery on other information that the SEC has collected to date in this action and the <u>Atlantic Asset Management</u> action. In fact, Archer has already received over 500,000 pages of documents from more than 50 custodians, and at least two terabytes of additional documents in the related criminal matter. (United States Attorney's Reply Br., ECF No. 53, at 14.)

Archer may suffer some degree of prejudice if he cannot obtain the statements of certain witnesses whom the United States Attorney may call at the criminal trial. However, the public has a legitimate interest in preserving the integrity and security of these witnesses. Indeed, in another criminal case involving one of Archer's co-defendants, Jason Galanis, the United States Attorney submitted evidence that Galanis sent threatening text messages to a potential Government witness. <u>See, e.g.</u>, Transcript of May 17, 2016 Hr'g at 11–12, ECF No. 185, <u>United States v. Galanis</u>, No. 15-cr-643 (S.D.N.Y.) ("Sleep tight and be worried."). The public's overriding interest in the integrity of criminal proceedings outweighs any prejudice that a partial stay would work on Archer and the objecting co-defendants.

Moreover, it seems implausible to this Court that Archer and the objecting co-defendants could resolve this case prior to the conclusion of the criminal action. If depositions were to proceed prior to the criminal trial, each defendant would face a Fifth Amendment dilemma: provide answers to the SEC's questions (and perhaps live with them in the criminal prosecution); or refuse to answer, and face a potential adverse inference in the enforcement action. See <u>United States v. Bonanno Organized Crime Family of La Cosa Nostra</u>, 683 F. Supp. 1411 (E.D.N.Y. 1988) ("If the [Fifth Amendment] privilege is invoked in a civil proceeding, . . . the trier of fact may draw an adverse inference from the invocation." (citing <u>Baxter v.</u>

Palmigiano, 425 U.S. 308, 318 (1976)); SEC v. Tome, 638 F. Supp. 629, 631 (S.D.N.Y. 1986) ("[C]ourts have drawn an adverse inference in enforcement actions brought by the SEC. . . . [F]ederal courts have held that the pendency of related criminal proceedings is irrelevant in determining whether to draw an adverse inference . . . ."); Louis Vuitton, 676 F.3d at 97 ("A stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." (citation omitted)).

      Accordingly, the United States Attorney's motion to intervene and stay certain discovery is granted.

August 10, 2016  
New York, New York

SO ORDERED:

_____  
WILLIAM H. PAULEY III  
U.S.D.J.