**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>　　　**Plaintiff,**<br><br>　　　**v.**<br><br>**DEVON ARCHER; BEVAN T. COONEY; HUGH DUNKERLEY; JASON W. GALANIS; JOHN P. GALANIS; GARY T. HIRST; and MICHELLE A. MORTON**<br><br>　　　**Defendants.** | **No. 16-cv-03505 (WHP)** |

<u>**DEFENDANT BEVAN T. COONEY'S ANSWER TO COMPLAINT**</u>

Matthew D. Umhofer
*Admitted pro hac vice*
SPERTUS, LANDES & UMHOFER, LLP
1990 S. Bundy Drive, Suite 705
Los Angeles, California 90025
Tel: (310) 826-4700
Fax: (310) 826-4711
Email: matthew@spertuslaw.com

*Attorneys for Bevan T. Cooney*

Defendant Bevan T. Cooney ("Defendant" or "Mr. Cooney") hereby answers the Complaint filed by Plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") as follows:

## SUMMARY OF THE ALLEGATIONS

1.      In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

2.      In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

3.      In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

4.       In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

5.       In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

6.       In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

7.       In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under

Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

  8.  Mr. Cooney admits the allegations.

  9.  In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## **VIOLATIONS**

  10.  This paragraph states legal conclusions to which no response is required.  Also, to the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

  11.  This paragraph states legal conclusions to which no response is required.  Also, to the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the

allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

12.   This paragraph states legal conclusions to which no response is required.  Also, to the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

13.   This paragraph states legal conclusions to which no response is required.  Also, to the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the

right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## JURISDICTION AND VENUE

14.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

15.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## DEFENDANTS

16.     Mr. Cooney admits that Jason Galanis was the subject of a prior Commission enforcement action, *SEC v. Penthouse Int'l, Inc., et al.*, 05 Civ. 0780 (S.D.N.Y.), for engaging in accounting fraud and financial reporting violations.  Mr. Cooney also admits that in September

2015, Jason Galanis was sued by the Commission and indicted by a grand jury convened by the USAO, based on allegations that he orchestrated a fraudulent and unregistered public distribution of millions of dollars of shares of a publicly traded company, Gerova Financial Group, Ltd. ("Gerova"). In response to the remaining allegations, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

17.     Mr. Cooney admits that John Galanis is the father of Jason Galanis, and has been the subject of numerous prior criminal proceedings, as well as enforcement actions by the Commission, dating back to the late 1960s. Mr. Cooney further admits that John Galanis was charged by the SEC and USAO for his alleged involvement in the Gerova scheme. In response to the remaining allegations, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

18.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

19.     Mr. Cooney admits that he is age 43 and at the time of the filing of the Complaint, he did reside in Incline Village, Nevada.  In response to the remaining allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

20.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this

response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

21.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

22.      Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## **OTHER RELEVANT ENTITIES**

23.      To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

24.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

25.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

26.     Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## FACTS

27.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

28.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

29.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis

11

denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

30.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

31.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

32.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

33.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

34.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

35.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

36.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

37.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

38.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

39.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

40.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

   41. To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

   42. To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

43.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

44.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

45.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

46.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

47.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

48.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

49.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

50.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

51.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

52.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

53.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

54.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

55.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

56.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

57.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

58.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

59.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

60.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

61.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

62.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

63.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

64.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

65.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

66.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

67.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

68.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

69.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

70.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

71.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

72.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

73.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

74.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

75.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

76.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

77.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

78.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

79.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

80.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

      81.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

      82.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

83.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

84.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

85.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

86.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

87.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

88.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

89.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

90.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

91.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

92.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

93.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

94.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

95.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

96.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

97.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

98.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

99.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

100.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

101.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

102.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

103.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

104.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

105.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

106.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

107.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations. To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer. Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

108.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

109.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

110.     To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

111.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

112.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

113.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

114.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

115.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a

response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

116.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

117.    To the extent the allegations relate to others, Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent the allegations relate to Mr. Cooney and/or to the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil

Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

118.    Mr. Cooney admits the allegations.

119.    Mr. Cooney is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the allegations.  To the extent a response is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## FIRST CLAIM FOR RELIEF

120.    Mr. Cooney responds to realleged allegations by incorporating his responses to Paragraphs 1 through 119 as though fully set forth herein.

121.    In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

122.    In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to

supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

123.   In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

124.   In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## <u>SECOND CLAIM FOR RELIEF</u>

125.   Mr. Cooney responds to realleged allegations by incorporating his responses to Paragraphs 1 through 119 as though fully set forth herein.

126.   In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under

Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

127.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

128.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

129.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

130.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to

supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

131.    In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

<strong><u>THIRD CLAIM FOR RELIEF</u></strong>

132.    Mr. Cooney responds to realleged allegations by incorporating his responses to Paragraphs 1 through 119 as though fully set forth herein.

133.    In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

134.    In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under

Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

135.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## **FOURTH CLAIM FOR RELIEF**

136.     Mr. Cooney responds to realleged allegations by incorporating his responses to Paragraphs 1 through 119 as though fully set forth herein.

137.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

138.     In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

139.    In response to these allegations, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## PRAYER FOR RELIEF

140.    To the extent that an answer to Plaintiff's Prayer for Relief, I through VIII, is required, after consulting with counsel, Mr. Cooney respectfully asserts his rights under the Fifth Amendment of the United States Constitution not to answer.  Mr. Cooney expressly reserves the right to withdraw his assertion of the privilege, to supplement and/or seek leave to amend this response accordingly (in whole or in part) under Federal Rule of Civil Procedure 15, and to object to the use or disclosure of the response for any purpose whatsoever should the impediment to his answering these allegations be removed.

## AFFIRMATIVE DEFENSES

141.    Without waiving or excusing the burden of proof of Plaintiff, or admitting that any of the following are, in fact, defenses upon which Defendant has any burden of proof, as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses:

## First Affirmative Defense

### (Failure to State a Claim)

142.    The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part on the ground that it fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Statute of Limitations and Laches)

143.    The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the statute of limitations or the doctrine of laches.

## Third Affirmative Defense

### (Lack of Scienter)

144.    The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Mr. Cooney lacked the requisite scienter with respect to the conduct alleged in the Complaint.

## Fourth Affirmative Defense

### (Lack of Materiality)

145.    The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because none of the conduct alleged in the Complaint was material to the investment decisions of reasonable investors.

## Fifth Affirmative Defense

### (Lack of Personal Benefit)

146.     The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Mr. Cooney neither intended to derive nor actually derived any personal benefit from the alleged disclosure of material, nonpublic information.

## Sixth Affirmative Defense

### (Failure to Plead Fraud with Particularity)

147.     The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part because Plaintiff failed to plead the underlying facts with sufficient particularity.

## Seventh Affirmative Defense

### (Conduct of Third Parties)

148.     The Complaint, and each and every purported cause of action therein, is barred in whole or in part because the conduct of parties other than Mr. Cooney caused the alleged harm, if any, complained of in the Complaint.

## Eighth Affirmative Defense

### (Good Faith)

149.     The Complaint, and each and every purported cause of action therein, is barred in whole or in part because Mr. Cooney at all times acted in good faith and did not directed or indirectly induce any acts constituting the alleged causes of action.

**Ninth Affirmative Defense**

**(Injunctive Relief Not Warranted)**

150.    Plaintiff's prayer for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act, and because there is no reasonable likelihood that any alleged violation will be repeated.  Plaintiff's injunctive relief claim is further barred because the adverse effects of an injunction far outweigh any benefit from an injunction.

**Tenth Affirmative Defense**

**(Penalties Not Warranted)**

151.    Plaintiff's claim for penalties is barred because has been no violation or the Securities Act or the Exchange Act, and because any alleged violation was isolated and/or unintentional.

**Eleventh Affirmative Defense**

**(Reservation of Additional Defenses and Right to Amend)**

152.    Mr. Cooney hereby adopts and incorporates by reference any and all other affirmative defenses to be asserted by any other defendant in this action to the extent that he may share in such affirmative defense.  Additionally, Mr. Cooney has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available.  Mr. Cooney reserve the right to raise such additional defenses upon receiving more complete information regarding the matters alleged in the Complaint, through discovery or otherwise.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Mr. Cooney prays for relief as follows:

1.  That Plaintiff take nothing by its Complaint;

2.  That the Complaint be dismissed with prejudice;

3. That judgment be entered in favor of Mr. Cooney;

4. For costs and attorneys' fees allowed by law; and

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Cooney hereby demands a jury trial.

DATED: August 15, 2016                Respectfully submitted,


Matthew D. Umhofer
SPERTUS, LANDES & UMHOFER, LLP
1990 South Bundy Dr., Ste. 705
Los Angeles, California 90025
Tel: (310) 826-4700
Fax: (310) 826-4711
Email: matthew@spertuslaw.com

*Attorneys for Bevan T. Cooney*