

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BrownN@sec.gov

September 21, 2016

**VIA ECF and UPS Overnight**

Hon. William H. Pauley III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    SEC v. Archer, et al.;
            No. 16 Civ. 3505 (WHP)

           -and-

           SEC v. Atlantic Asset Management LLC;
           No. 15 Civ. 9764 (WHP)

Dear Judge Pauley:

    We represent the Plaintiff, Securities and Exchange Commission, in the above-referenced matters.

    We write to notify the Court and the parties of administrative steps the Commission staff is pursuing to investigate the possibility of recovering assets for investors harmed by the conduct alleged in the two complaints involving the "Wakpamni Bonds," that are now pending before the Court, SEC v. Atlantic Asset Management LLC ("AAM") and SEC v. Archer, et al.

    Pursuant to the IOSCO Multilateral Memorandum of Understanding—an information-sharing protocol among international securities regulators—we have asked the Liechtenstein Financial Market Authority ("FMA") to grant us access to its nonpublic files concerning two Liechtenstein-based insurance companies, Wealth Assurance AG ("Wealth Assurance") and Valorlife Lebensversicherungs AG ("Valor Life"). We believe that the FMA has relevant information regarding Wealth Assurance's and Valorlife's ownership, personnel, and receivership.

    By way of background, soon after the Commission filed its SEC v. Archer Complaint, the FMA appointed a Special Administrator over Wealth Assurance and Valor Life. We understand that the Special Administrator is operating the companies, investigating their conduct, and making a determination regarding any appropriate future steps with respect to the two companies.

Hon. William H. Pauley III  September 21, 2016
Page 2

      Valor Life was a direct subsidiary and Wealth Assurance was an indirect subsidiary of Valor Group Ltd.  Through Thorsdale Fiduciary and Guaranty Company Ltd., Jason Galanis held a significant ownership interest in Valor Group.  (SEC v. Archer, Complaint (DE 1) ¶ 25.)  At various points during the relevant periods, Dunkerley and Archer served as directors and/or officers of Valor Group.  (Id. ¶¶ 18, 25.)  The Archer Complaint alleges that most of the proceeds of the Wakpamni Bond sales were diverted by Galanis to Archer, Cooney, Dunkerley and others, and a large portion was directed to Thorsdale Fiduciary and Guaranty Company Ltd.  (Id. ¶ 86.)

      Because of the intertwined business and financial relationships among the SEC v. Archer Defendants and the Liechtenstein companies, the Commission staff will pursue the assistance of the FMA in obtaining the fruits of their and the Special Administrator's investigation, including seeking information regarding whether any assets may be recovered in connection with the Wakpamni Bond transactions.

      The Commission is mindful that a partial stay has been entered in this case.  However, the Court has already previously approved the Commission's use of Rule 45 Subpoenas to obtain documents from third parties pending the resolution of the parallel criminal action.  (Transcript of the Initial Pre-trial Conference in SEC v. Archer, August 18, 2016, at 16 (DE 78).)  As with documents we receive from those Subpoenas, the Commission will produce to Defendants whatever documents that the FMA or the Special Administrator provide pursuant to our request for assistance, once the Defendants engage in reciprocal discovery.  Accordingly, Defendants will suffer no prejudice from our pursuit of this information from the FMA and the Special Administrator.

Respectfully submitted,

*[signature]*

Nancy A. Brown

cc:    All Defendants named in SEC v. AAM and SEC v. Archer via e-mail or overnight mail