Pauley W.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,   :

   :

      Plaintiff,   :      **16 Civ. 3505 (WHP)**

   :

   v.   :

   :      **ECF Case**

DEVON D. ARCHER, BEVAN T. COONEY,   :
HUGH DUNKERLEY, JASON W. GALANIS,   :
JOHN P. GALANIS, GARY T. HIRST,   :
MICHELLE A. MORTON and   
FRANCISCO MARTIN,         :

   :

      Defendants.   :

------------------------------------------------------------------------x

### STIPULATION AND             CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following provisions of this Stipulation and Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the undersigned parties of all documents, testimony transcripts and other materials and information produced in the above-captioned case (collectively "Discovery Materials").

1.    When used in this Stipulation and Order, the word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof.  A party, person, or entity that produces or discloses Discovery Materials in connection with these actions shall be referred to herein as the "Disclosing Party."

2.    A Disclosing Party may designate as "Confidential" those Discovery Materials which constitute a trade secret, or other confidential research, development, or commercial information, as provided in Fed. R. Civ. P. 26(c)(1)(G), any personally sensitive information or,

with respect to third parties, any personal identifying information.  Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

3.      Any person or entity in possession of Confidential Discovery Materials shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents.  Confidential Discovery Materials produced or disclosed in this case shall be used solely for the prosecution of this case (including an appeal therefrom) and the defense of the named Defendants, <u>provided</u>, <u>however</u>, that nothing in this Stipulation and Order shall be construed to have any effect on the obligations of Plaintiff Securities and Exchange Commission (the "Commission") under the Freedom of Information Act, 5 U.S.C. § 552, <u>et</u> <u>seq.</u>, and the applicable rules and regulations promulgated thereunder, or to interfere with the Commission's use of information for law enforcement activities and to otherwise regulate, administer and enforce the securities laws.

4.      The designation of Discovery Material as "Confidential" for the purposes of this Stipulation and Order shall be made in the following manner:

a.  In the case of documents, declarations, briefs, memoranda, answers to interrogatories, answers to requests for admissions, or other materials (apart from depositions or other pre-trial testimony), by stamping or labeling the phrases "Confidential" or "Confidential Treatment Requested" on each page of the Discovery Materials containing confidential information, or providing a designation of materials produced as "Confidential" in the cover letter accompanying such production with a description of the material so designated; and

b. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of or immediately following such disclosure, that such testimony shall be treated as "Confidential," or (ii) by written notice, sent by counsel to all parties within twenty (20) calendar days after receiving a copy of the transcript thereof, that such testimony (designated by page and line) shall be treated as "Confidential."  In both the foregoing instances, counsel for all parties shall direct their staff to stamp "Confidential" on the first page of the original and all copies of the transcript, and on all pages of the original and all pages of the transcript, containing any confidential information, after confirmation of such designation in the above-referenced twenty-day period for designation.  Until the expiration of the twenty-day period, the parties shall treat the entire transcript as Confidential Discovery Material; and

c. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any device, computers, discs, networks, or tapes) is produced by any party in such form, the Disclosing Party may designate it as "Confidential" by affixing to such media a label with the "Confidential" legend, and setting forth in a cover letter those documents or portions thereof which are to be accorded confidential treatment.

5.    The inadvertent production of any document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, and no party shall be held to have waived any claims or arguments under the inadvertent production doctrine.  If a Disclosing Party discovers that a privileged document was

inadvertently produced, the Disclosing Party shall so notify the party to whom the document was produced in writing within five (5) calendar days of such discovery.  Failure to provide such notification with the five-day period shall result in a waiver of the claim of privilege.  Within five (5) calendar days of receipt of such notification, the parties shall meet and confer in an effort to resolve any disagreements.  If the parties cannot resolve their disagreement, the Disclosing Party may apply to the Court within ten (10) days of the meet-and-confer for a ruling on the Disclosing Party's claim of inadvertent production.  In connection with any such application, the receiving party shall be permitted to retain a copy of the document or information as to which privilege is claimed for the purpose of responding to the Disclosing Party's application to the Court.

6.     Except as provided in Paragraph 3, Discovery Material properly designated as "Confidential" under the terms of this Stipulation and Order shall not be disclosed to any person other than:

    a.   The Court, necessary Court personnel, and jurors;

    b.   The named parties (as well as their attorneys);

    c.   Court reporters transcribing depositions or testimony in case;

    d.   Persons who were authors or recipients of the Confidential Discovery Materials;

    e.   Any expert or consultant retained or consulted by any party in connection with this case and those working under their direction or control;

f.   Any person who is a potential fact witness or deponent in the litigation, <u>provided</u>, <u>however</u>, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials;

g.   Outside photocopying, graphic reproduction services, litigation support services, data processing services, or investigators employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system;

h.   Any special master or mediator or other individual jointly appointed or selected to provide mediation or settlement services, and the staff thereof; and

i.   Any other person whom counsel for the parties to this Stipulation and Order agree in writing may have access to Confidential Discovery Materials, and any other person whom the Court directs should have access to Confidential Discovery Materials.

7.   All persons or entities to which Confidential Discovery Materials are disclosed solely pursuant to subparagraph 6(e) shall be required to execute a certification evidencing the agreement in the form attached as Exhibit A, a copy of which counsel shall retain.

8.   In connection with any pre-trial motion or other pre-trial proceeding, if any party intends to file with the Court any pleading, declaration or other paper containing, appending, summarizing, or excerpting Confidential Discovery Materials, the filing party shall provide the Disclosing Party with two (2) business days' written notice of the filing of the Confidential Discovery Materials to allow the Disclosing Party to apply to the Court for an order directing

that those portions of the filing be filed under seal. The filing party's or Disclosing Party's application to seal shall comply with this Court's Individual Practice V(A).   If such an order is granted, the pages containing such Confidential Discovery Materials shall be filed in sealed envelopes which shall clearly bear the word "CONFIDENTIAL."  All materials filed under seal shall be available to the Court for viewing and/or copying, and shall be served upon counsel for the parties.  Redacted pages shall be filed in the public record.  The filing under seal shall be without prejudice to any party's rights to argue to the Court that such document is not confidential and need not be preserved under seal.

9.      This Stipulation and Order shall not be construed to affect in any way the admissibility or use of any document, testimony or other information at trial or a pre-trial hearing.  Any document, testimony or information introduced or used at trial or a pre-trial hearing, regardless of designation under this Stipulation and Order, will be presumptively available to the public.

10.      The parties shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not affect a subsequent challenge.  If at any time a party objects to a designation of Discovery Materials as confidential under the Stipulation and Order, the objecting party shall notify the Disclosing Party in writing.  The objecting party shall identify the information and state in reasonable detail the reason(s) for the objection.  Within seven (7) calendar days of the receipt of such notice, the Disclosing Party and objecting party shall meet and confer in an effort to resolve their differences.  If the parties cannot resolve their disagreement, the Disclosing Party may apply within ten (10) calendar days for a ruling upholding the Disclosing Party's designation of the Discovery Materials as confidential.  In connection with any such application, the Disclosing Party shall bear the burden

of showing that the documents should remain confidential.  While any such application is

pending, the Discovery Materials subject to that application will be treated as confidential until

the Court rules.  If the Disclosing Party does not apply to the Court for a ruling upholding the

Disclosing Party's designation of the Discovery Materials as confidential within the time period

prescribed herein, the Discovery Materials will no longer be deemed confidential.  Nothing in

this Stipulation and Order shall be construed as preventing any party from objecting to the

designation of any Discovery Material as confidential.

      11.    Any person subject to this Stipulation and Order who receives a subpoena or other

request for the production or disclosure of any Disclosing Party's Confidential Discovery

Materials shall promptly give written notice to the Disclosing Party and enclose a copy of the

subpoena or request.  The person subject to the subpoena or other request also shall make all

reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in

which to seek to quash the subpoena, or move for protection of the Confidential Discovery

Materials, before the person to whom the subpoena or request is directed takes action to comply

with it.

      12.    Except as provided in Paragraph 3, within forty-five (45) days after entry of an

Order terminating this action, including all appeals, copies of all Confidential Discovery

Materials shall be destroyed.  This obligation shall not apply to pleadings, motions, briefs,

supporting affidavits, attorney notes, transcripts, or Court opinions and orders (although this

obligation shall apply to any Confidential Discovery Materials appended to such documents).

      13.    Each party shall have the responsibility, through counsel, to advise the Disclosing

Party of any losses or compromises of the confidentiality of information or documents governed

by the Stipulation and Order.  It shall be the responsibility of the party that lost or compromised the Confidential Discovery Materials of the Disclosing Party to take reasonable measures to limit the loss or unauthorized disclosure.

14.     Nothing in the Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information designated hereto as confidential.  In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use, or dissemination of any documents or information that are in the public domain or otherwise publicly available.

15.     Any non-party to this stipulation producing Discovery Materials in these actions may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties.

16.     In the event that additional persons or entities become parties to these actions, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

17.     This Stipulation and Order shall not prevent any party from applying to the Court

for further or additional protective orders, for the modification of this Stipulation and Order, or

from agreeing with the other parties to modify this Stipulation and Order, subject to the approval

of the Court.

Dated: New York, New York
         November 22, 2016

BOIES, SCHILLER & FLEXNER LLP

By: _____
         David Nelson

401 East Las Olas Blvd., Suite 1200 Fort
Lauderdale, FL 33301
Tel: 954 356-0011
Fax: 954 356-0022
dnelson@bsfllp.com

Attorneys for Defendant Devon D. Archer

SECURITIES AND EXCHANGE
COMMISSION

By: _____
         Nancy A. Brown
         Howard G. Baker

200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-1023 (Brown)

Attorneys for Plaintiff Securities and Exchange
Commission

Dated:  December 2, 2016
         New York, NY

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

17.     This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Stipulation and Order, subject to the approval of the Court.

Dated: New York, New York
      November 1, 2016

BOIES, SCHILLER & FLEXNER LLP

By: _____
      David Nelson

401 East Las Olas Blvd., Suite 1200 Fort Lauderdale, FL 33301
Tel: 954 356-0011
Fax: 954 356-0022
dnelson@bsfllp.com

Attorneys for Defendant Devon D. Archer

SECURITIES AND EXCHANGE COMMISSION

By: _____
      Nancy A. Brown
      Howard G. Baker

200 Vesey Street, Suite 400
New York, NY 10281
(212) 336-1023 (Brown)

Attorneys for Plaintiff Securities and Exchange Commission

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
 :
   Plaintiff, :  16 Civ. 3505 (WHP)
 :
 v. :
 :  ECF Case
DEVON D. ARCHER, BEVAN T. COONEY, :
HUGH DUNKERLEY, JASON W. GALANIS, :
JOHN P. GALANIS, GARY T. HIRST, :
MICHELLE A. MORTON and
FRANCISCO MARTIN,    :
 :
   Defendants. :
-----------------------------------------------------------------------x


## EXHIBIT A

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER


   I have read the Stipulation and Order applicable to the above-captioned action.  I

understand its terms and agree to be bound by them, and hereby submit to the jurisdiction of the

United States District Court for the Southern District of New York for purposes of the

enforcement of the Stipulation and Order.  I further understand that failure to abide by the terms

of the Stipulation and Order may result in legal action and sanctions.


Dated: _____    Agreed: _____