```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES AND EXCHANGE
COMMISSION ,

              Plaintiff,

       v.                                  16 CV 3505 (WHP)

DEVON D. ARCHER, ET AL.,

              Defendants.

------------------------------x
                                           New York, N.Y.
                                           January 20, 2017
                                           3:42 p.m.
Before:

                  HON. WILLIAM H. PAULEY III

                                                District Judge

                          APPEARANCES

SECURITIES & EXCHANGE COMMISSION
     Attorneys for Plaintiff
BY:  NANCY A. BROWN
     TEJAL DEENESH SHAH

BOIES, SCHILLER & FLEXNER
     Attorneys for Defendant Archer
BY:  MATTHEW L. SCHWARTZ
     BRET VALLACHER

SPERTUS, LANDES & UMHOFER
     Attorneys for Defendant Bevan Cooney
BY:  DIANE H. BANG   via speakerphone

WIAND GUERRA KING
     Attorneys for Defendant Gary Hirst
BY:  CAMERON G. STOUT via speakerphone
```

1                (In the robing room)

2                THE COURT:  Good afternoon.  This is District Judge
3     Pauley.  You're on a speakerphone in my robing room and a court
4     reporter is present recording what's being said.  I'd like to
5     begin with appearances by those counsel who are on the phone.
6     So would counsel for Bevan Cooney give her appearance.

7                Hello.  Would counsel for Bevan --

8                MS. BANG:  I'm sorry.  Diane Bang appearing for Bevan
9     Cooney.

10               THE COURT:  Okay.  Good afternoon, Ms. Bang.

11               Would counsel for the defendant Gary Hirst give his
12    appearance.

13               MR. STOUT:  Good afternoon, your Honor.  This is
14    Cameron Stout of Wiang Guerra King on behalf of Mr. Hirst.

15               THE COURT:  Good afternoon to you, Mr. Stout.

16               Are we joined on the phone by anyone else?

17               MR. STOUT:  Not that we're aware of.

18               THE COURT:  Now I'm joined in the robing room by a
19    number of counsel so I'll ask the SEC to give their appearance.

20               MS. BROWN:  Thank you, your Honor.  Nancy Brown and
21    Tejal Shah for the SEC.

22               THE COURT:  Good afternoon to both of you.

23               Counsel for Devon Archer.

24               MR. SCHWARTZ:  Good afternoon, your Honor.  Matthew
25    Schwartz and Bret Vallacher for Mr. Archer.

1              THE COURT:  Good afternoon to both of you gentlemen.

2              Now, first off, it's a new year and a couple of
3    disclosures.  A week ago one of my sons began an internship at
4    the SEC in Washington.  I can assure you, all of you, that that
5    will not in any way affect my ability to be fair and impartial
6    in this case.  And the folks for whom he's working in the SEC
7    are aware of the fact that his father is a district judge.  And
8    he was told at the outset that he would be walled off from any
9    matters before me.

10             Second, my clerk who is working on this case is a
11   close friend of Mr. Vallacher who he did not know that he would
12   be appearing or present today at this conference but apparently
13   they were fraternity brothers together at Dartmouth and saw
14   each other as recently as last night for drinks.  So I can
15   assure you that there's not going to be any issue there since
16   Scott O'Brien is not the judge on the case.  Okay.

17             So, with all of those disclosures in mind I'd like to
18   get an update from the parties in this case and why don't we
19   begin with you, Ms. Brown.

20             MS. BROWN:  Certainly, your Honor.

21             The only update that I have that is of interest to the
22   Court, I believe that Mr. Galanis pled guilty yesterday, Jason
23   Galanis, to much of the conduct that's alleged in this case in
24   the parallel criminal case.  He pled guilty to conspiracy to
25   commit securities fraud, conspiracy to commit investment

1    adviser fraud and securities fraud.
2            I don't know if his sentencing has been set.
3            And there was a consent order of forfeiture of $43
4    million that he signed.
5            And he is scheduled also to be sentenced in the Gerova
6    matter.  If the Court recalls, Gerova was the prior fraud in
7    February.
8            With respect to this case, as the Court is aware, the
9    only ongoing discovery is with Mr. Archer's team.  And we are
10   proceeding with that.
11           THE COURT:  When you say you're proceeding with that,
12   if you can, just give me a few more details about what the
13   status of the discovery is there and then I'll hear from
14   Mr. Schwartz on that.
15           MS. BROWN:  Okay.  So Mr. Archer has made a production
16   of a thousand documents.  He expects to make more.  The date
17   for when he will produce more has not been provided to us.
18           We have just received from him a hard drive and plan
19   to make a production to him as soon as we can get our materials
20   on a hard drive.
21           And Mr. Archer's counsel has served us with, in
22   addition, interrogatories that we've objected to but we're
23   trying to negotiate those issues.
24           THE COURT:  Mr. Schwartz, do you want to amplify
25   Ms. Brown's status report.

1           MR. SCHWARTZ:  I don't have much to add today.

2           First of all, thank you for making those disclosures.

3  If you hadn't made that disclosure I would have.  I only found

4  out this morning about the relationship between Mr. Vallacher,

5  who has been working on this case for months and months and

6  months, and your Honor's law clerk.  By way of further

7  disclosure, however, Mr. Vallacher will be leaving our firm to

8  go clerk for another judge in a matter of a week or two so it

9  won't be a persistent issue.

10          With respect to discovery, I think Ms. Brown has

11 accurately described it.  We have, on behalf of Mr. Archer,

12 produced I don't know how many documents, about nine thousand

13 pages of documents, and we expect to continue making a rolling

14 production.  We obviously have not yet and perhaps never

15 asserted Mr. Archer's Fifth Amendment rights and so pursuant to

16 your Honor's order discovery is ongoing.

17          We have not yet received any documents from the SEC

18 responsive to our September document request, but we have been

19 engaged in a dialogue with them.  We had a meet and confer as

20 recently as last week.  Ms. Brown has represented now that she

21 has a hard drive and will get documents shortly.  While we have

22 some other issues that we're still talking about, that probably

23 will become ripe for your Honor soon, I think we're still

24 having productive dialogue.

25          THE COURT:  After the documents are produced, how many

1    depositions do you anticipate taking in the case?

2            MS. BROWN:  Well, your Honor, while the parallel
3    criminal action is pending, there's a stay order in place.  So
4    we plan to take none.

5            The United States Attorney's Office moved for an order
6    that essentially, as I would read it, prohibits really almost
7    anything but document discovery.  So, I have the language here.

8            So the following matters are stayed.  Depositions,
9    interrogatories, requests for admission and any other form of
10   discovery that would create statements of any person whom the
11   government asserts may be called as a witness in the criminal
12   prosecution as well as production of transcripts of testimony
13   and notes of or memoranda describing interviews with witnesses.

14           And then the Court also stayed disclosures pursuant to
15   the first part of the initial disclosure rule which would
16   identify witnesses with information.

17           THE COURT:  But there was an application to obtain
18   documents from Lichtenstein.  What's the status of that?

19           MS. BROWN:  My understanding is we have obtained
20   nothing from Lichtenstein.  And the application was made to
21   Lichtenstein.  We notified the Court, as the Court may recall,
22   that we were engaged in discussions with Lichtenstein.  But we
23   have received nothing.

24           THE COURT:  What do the parties think we should do
25   going forward?

1          MS. BROWN:  I think that the most efficient way to
2    proceed, your Honor, is to await the outcome of the criminal
3    case.  As the Court well knows, depending on that outcome
4    things may very well change in this case.  So that would be my
5    suggestion.
6          THE COURT:  I'll hear from the defendants regarding
7    this, starting with Mr. Schwartz.
8          MR. SCHWARTZ:  That strikes me as the same application
9    for a stay that the U.S. Attorney's Office made, which was only
10   a partial stay and not a request to stay the action in full.
11   And it seems to me for the same reasons that Mr. Archer
12   objected to that partial stay, that it doesn't make sense to
13   stop all discovery in this case.  We can continue to exchange
14   documents with one another.  We can continue to engage in
15   third-party discovery Rule 45 subpoenas.
16         In addition, we have a different reading of the
17   Court's order than the SEC does.  They view your Honor's order
18   as prohibiting all depositions, interrogatories, requests for
19   admission or other forms of discovery besides document
20   requests.  We read the order, consistent with the language of
21   the order in the U.S. Attorney's application, as prohibiting
22   those forms of discovery only insofar as they would create
23   statements or identify people who would be witnesses in the
24   criminal case.
25         Your Honor, in granting the motion, summarized the

1    U.S. Attorney's position as saying that they seek to stay
2    discovery that may be subject to disclosure under the Jencks
3    Act in the criminal case.
4             So our view is we can productively engage in some
5    depositions of non-witnesses.  We can engage in interrogatories
6    and requests for admission that don't call for statements of
7    individuals or the identification of witnesses in the criminal
8    case.  And in that way we can significantly advance this case
9    while the criminal case is pending.
10            I should note there is no trial date in the criminal
11   case.  It was filed in May.  We were just before Judge Abrams
12   the week before last.  She had said she was going to set a
13   trial date.  She did not.  Instead, she set another conference
14   date.  And the trial is likely not to be until the fall or
15   maybe even early 2018.  And it doesn't seem to me to make sense
16   for this case to be entirely shut down when we can do
17   productive work during that time period.
18            THE COURT:  With the plea yesterday by Jason Galanis,
19   what is the likelihood that a lot of other dominoes are going
20   to fall?
21            MS. BROWN:  I'm not sure we can speak to that, your
22   Honor.
23            What I would say in response to what Mr. Schwartz has
24   said, and I do have some experience in these partial stays now,
25   having been involved in other cases where there are parallel

1    criminal actions.

2             Particularly in a situation like this, when only one
3    defendant is engaging in discovery, and our allegations are
4    against lots of different defendants who all worked together in
5    this entire matter, even if Mr. Schwartz and I, Mr. Archer's
6    team and the SEC, were to engage in discovery, all of that
7    would have to be done again once we receive document
8    productions from the other defendants; received the ability to
9    take the depositions of these various individuals.

10            And I would also say that I haven't heard Mr. Schwartz
11   object to the idea of his own client being deposed but that
12   would be one of our first -- if we were forced to go through
13   depositions that I think we would in any event have to repeat
14   after the criminal trial, we would make sure that one of the
15   first depositions we took was of Mr. Archer who has in his
16   answer not provided any substantive answer.  He's asserted the
17   Fifth.  Contrary to what Mr. Schwartz just told you, he has
18   asserted the Fifth in his answer.

19            THE COURT:  All right.  Look, I think that the parties
20   should continue to negotiate regarding discovery.  I think that
21   to the extent that Mr. Archer sees some third-party discovery
22   that he believes is appropriate, he should endeavor to -- he
23   can endeavor to initiate it.  And if there's a dispute between
24   the SEC and Archer over the propriety of that, you can bring it
25   to my attention with a joint letter application as a discovery

1   dispute and I'll endeavor to resolve it with you.  And if I
2   need to hear from you, I'll set it up in a telephone
3   conference.
4           With respect to those counsel who are participating by
5   telephone, do either of you wish to be heard?
6           MR. STOUT:  Your Honor, this is Cameron Stout.  Really
7   nothing for us on behalf of Mr. Hirst.  Thank you.
8           THE COURT:  Ms. Bang.
9           MS. BANG:  Your Honor, there is nothing from us.  We
10  would agree to wait until the criminal proceedings play out.
11          THE COURT:  All right.  What I will do is I can set
12  this down for another conference in four or five months and I
13  would ask the parties to give me a short status -- a joint
14  letter, a status report, and that status report may wind up
15  obviating the need for that conference altogether, but just to
16  keep this case on my radar screen.
17          MS. BROWN:  Sure.
18          THE COURT:  For now I will -- I'll set the matter down
19  for a status conference on June 2; Friday, June 2 at 2:15.  But
20  I'd ask that the parties submit a status report to me by May 26
21  and that may well give me the vehicle to just put that
22  conference over for a further -- for a further period of time.
23          Any party wishing to participate by telephone should
24  simply make a short -- a one-sentence letter application and it
25  will be granted unless there's some serious dispute that's

```
 1   going on and I think that we need to look at each other eye to
 2   eye.
 3             Is there anything else we can accomplish?
 4             Ms. Brown?
 5             MS. BROWN:  No.  Thank you, your Honor.
 6             MR. SCHWARTZ:  No, your Honor.  Have a good weekend.
 7             THE COURT:  Thank you all.  Have a great weekend.
 8             MR. STOUT:  Thank you, your Honor.
 9             MS. BANG:  Thank you.
10             (Adjourned)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```