UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,  :
                :
     Plaintiff,               :       16 Civ. 3505 (WHP)
                :
         v.            :       ECF Case
                :
DEVON D. ARCHER, BEVAN T. COONEY,  :
HUGH DUNKERLEY, JASON W. GALANIS,  :
JOHN P. GALANIS, GARY T. HIRST,  :
MICHELLE A. MORTON  and  :
FRANCISCO MARTIN,  :
                :
     Defendants.           :

-------------------------------------------------------------------- x

## JUDGMENT AS TO DEFENDANT FRANCISCO MARTIN

The Securities and Exchange Commission having filed a Complaint and Defendant

Francisco Martin, also known as Francisco Martin Fernandez, ("Defendant") having entered a

general appearance; consented to the Court's jurisdiction over Defendant and the subject matter

of this action; consented to entry of this Judgment without admitting or denying the allegations

of the Complaint (except as to jurisdiction and except as otherwise provided in paragraph IV);

waived findings of fact and conclusions of law; and waived any right to appeal from this

Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a)

and (c) promulgated thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud; or

(b)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud; or

(b)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 15, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: April 5, 2017            , _____
        New York, NY

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
          Plaintiff,                         :          16 Civ. 3505 (WHP)
                                             :
          v.                                 :          ECF Case
                                             :
DEVON D. ARCHER, BEVAN T. COONEY,            :
HUGH DUNKERLEY, JASON W. GALANIS,            :
JOHN P. GALANIS, GARY T. HIRST,              :
MICHELLE A. MORTON and                       :
FRANCISCO MARTIN,                            :
                                             :
          Defendants.                        :
------------------------------------------------------------------ x

## CONSENT OF DEFENDANT FRANCISCO MARTIN

      1.     Defendant Francisco Martin, also known as Francisco Martin Fernandez,

("Defendant") acknowledges having been served with the complaint in this action, enters a

general appearance and admits the Court's jurisdiction over Defendant and over the subject

matter of this action.

      2.     Without admitting or denying the allegations of the complaint (except as provided

in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant

admits), Defendant hereby consents to entry of the Judgment in the form attached hereto (the

"Judgment") and incorporated by reference herein, which among other things:

permanently restrains and enjoins Defendant from violation of Sections 17(a)(1) and (3) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(l) and (3)]; and Section 10(b) of

the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rules 10b-5(a)

and (c) thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)].

      3.     Defendant agrees that the Court shall order disgorgement of ill-gotten gains and

prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act

[15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant further agrees that the amounts of disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from June 15, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or any civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In

3

addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.      Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the

4

Commission may petition the Court to vacate the Final Judgment and restore this action to its

active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii)

right to take legal or factual positions in litigation or other legal proceedings in which the

Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: _03/24/2017_     _____

                                      Francisco Martin

On _____, 2017, _____, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent.


                           _____
                           Notary Public
                           Commission expires:

5

OPTIONAL FORM 175
[FORMERLY FS-88]
MARCH 1975
DEPT. OF STATE
50175-101

## Certificate of Acknowledgement of Execution of an Instrument

KINGDOM OF SPAIN
PROVINCE OF MALAGA                              SS:
CONSULAR AGENCY OF THE
UNITED STATES OF AMERICA

   *I,* **ROBERTA G. AARON,** *Consular Agent of the United States of America at Fuengirola, (Malaga), Spain, duly commissioned and qualified, do hereby certify that on this 24th day of March, 2017 , before me personally appeared* ***Francisco Jose Martin Fernandez,*** *to me personally known, or proved to me on the basis of satisfactory evidence, to be the individual(s) described in, whose name(s) is (are) subscribed to, and who executed the annexed instrument, and being informed by me of the contents of said instrument he (she)(they) duly acknowledged to me that he (she)(they) executed the same freely and voluntarily for the uses and purposes therein mentioned.*

[SEAL]                    *In witness whereof I have hereunto set my hand and official seal the day and year last above written.*

**ROBERTA G. AARON**
*Consular Agent of the United States of America*

*This document consists of* 6 *pages, including the Acknowledgement Certificate.*

The Consular Agency of the United States of America assumes no responsibility for the veracity of the contents of this document.

January 2016