UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

DEVON D. ARCHER, BEVAN T. COONEY,
HUGH DUNKERLEY, JASON W. GALANIS,
JOHN P. GALANIS, GARY T. HIRST,
MICHELLE A. MORTON, and
FRANCISCO MARTIN,

    Defendants.

---------------------------------------------------------------- x

16 Civ. 3505 (WHP)

ECF Case

### DECLARATION OF NANCY A. BROWN
### IN SUPPORT OF THE COMMISSION'S MOTION
### FOR AN ORDER COMPELLING CAMDEN CAPITAL PARTNERS, LLC
### TO COMPLY WITH THE COMMISSION'S SUBPOENA

I, Nancy A. Brown, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a member of the bar of the State of New York and of the bar of this Court. I am employed as Senior Trial Counsel in the Division of Enforcement at the New York Regional Office of Plaintiff Securities and Exchange Commission ("Commission"). I submit this Declaration in Support of the Commission's Motion for an order compelling Camden Capital Corp. to comply with the Commission's subpoena to it, dated February 2, 2018 ("Subpoena").

    2.    Camden Capital Partners, LLC ("Camden") is a California limited liability corporation. Exhibit A is a true and correct copy of the most recent Statement of Information posted to the website of the California Secretary of State regarding Camden. As reflected there, Camden has two managers or members, one of whom is Jason Sugarman.

    3.    Using his Camden email address (jsugarman@camdencap.com), Sugarman had email contact throughout the scheme alleged in the Amended Complaint filed in this action with Defendants and others:

      a.     Exhibit B is a true and correct copy of an August 21, 2014 email sent by Defendant Jason Galanis to Sugarman and attaching the trade blotter reflecting Defendant Hirst's allocation of the bonds to various clients of Hughes Capital Management, LLC ("Hughes"), one of the investment advisers whose client funds were used to buy the first tranche of Wakpamni bonds.

      b.     Exhibit C is a true and correct copy of an October 31, 2014 email chain including Defendant Jason Galanis and Sugarman, in which they discuss the positive reaction of the Chief Investment Strategist of Atlantic Asset Management LLC ("AAM") (the second investment adviser whose client funds were used to purchase Wakpamni bonds) to the idea of purchasing Wakpamni bonds after the firm is acquired.

      c.     Exhibit D is a true and correct copy of a May 19, 2014 email chain that refers to instructions Sugarman gave to Burnham Securities Inc. employees regarding allocating IPO shares of Code Rebel (Archer Amended Complaint ¶ 106)[1] to Valor, an entity on whose board Sugarman sat.

      d.     Exhibit E is a true and correct copy of a May 29, 2015 email from Sugarman to a Morgan Stanley employee, directing her to transfer $2.6 million of the Wakpamni bonds then in a Valor subsidiary's account to the account held in the name of Burnham Securities Inc.

      e.     Exhibit F is a true and correct copy of a September 26, 2015 email chain between Sugarman, Defendant Morton and others, setting up a time to meet to discuss additional financing for AAM.

---

[1]    Code Rebel was the "Technology Company" referred to in the Archer Complaint. (Id.)

4. Sugarman played significant roles in various entities connected to the alleged scheme. In addition to acting as chairman of Valor Group (Declaration of Tejal Shah, executed December 15, 2015 ("Shah Decl."), submitted in AAM (DE 5), Ex. 4 (org chart provided by Valor Group to the SEC staff)), Sugarman was a director of Burnham Financial Group. Exhibit G is a true and correct copy of an excerpt of a June 16, 2015 8-K for DSG Global Inc., reflecting Sugarman's business biography.

5. On October 26, 2017, the Commission issued a Rule 45 Subpoena to Jason Sugarman. By letter dated November 30, 2017, counsel for Sugarman advised the Commission staff that he would decline to produce any documents, asserting an act of production privilege under the Fifth Amendment. A true and correct copy of that letter is appended hereto as Exhibit H.

6. On February 2, 2018, the Commission issued a Rule 45 Subpoena to Camden. A true and correct copy of that Subpoena is appended hereto as Exhibit I. In it, the Commission sought all communications respecting many of the persons and entities relevant to the Commission's Archer Complaint, identifying the relevant period as running from January 1, 2013 to the present.

7. On February 2, 2018, John Lauro, counsel for Camden, agreed to accept service by email of the Subpoena on Camden's behalf. On February 15, 2018, Mr. Lauro sent a letter making objections to the Subpoena. A true and correct copy of Mr. Lauro's February 15, 2018 letter is appended hereto as Exhibit J. Thereafter, Mr. Lauro and Tejal Shah of the Commission staff and I attempted to negotiate the scope of Camden's response.

8. In a call with Mr. Lauro on April 10, 2018, he advised us that running various search terms from the subpoena through Camden's database produced 33,000 documents containing

at least two of those terms; "Galanis" as one of the two terms produced 8 thousand documents and "Archer" as one of the two terms produced 6 thousand documents. Mr. Lauro advised that his client could not afford to review that number of potentially responsive documents. In response, we suggested that he consider a "purposeful production" agreement with the staff, by which he could retain the right to assert a privilege over documents Camden produced at a later date, thereby saving his client the expense of performing a privilege review.

9.     On an April 16, 2018 telephone call with Mr. Lauro, Ms. Shah and me, Mr. Lauro advised us that he would not agree to make a "purposeful production," and we agreed that we were at an impasse.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May __, 2018
New York, New York

_____
Nancy A. Brown