UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
:
SECURITIES AND EXCHANGE :
COMMISSION, : 16cv3505
:
                Plaintiff, : MEMORANDUM & ORDER
:
       -against- :
:
DEVON ARCHER, *et al.*, :
:
             Defendants. :
:
-------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Nonparty CKR Law ("CKR") moves to quash or narrow the SEC's May 10, 2018 subpoena (the "Subpoena") served on Citibank, N.A. The Subpoena seeks records concerning CKR's attorney trust account, including a spreadsheet of transaction data, monthly account statements, and other documents. (See Letter from CKR, ECF No. 164, Ex. 1, at 1–2.) The SEC seeks this information because Stephen Weiss, a partner at CKR, represented multiple individuals and entities relevant to this action both before and after joining CKR. CKR contends the Subpoena is overbroad and that production would reveal privileged and confidential information.

        "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)&(iv).

CKR has standing to challenge this subpoena based on its privacy interest in its bank records.  See Soley v. Wasserman, 2012 WL 10973451, at *1 (S.D.N.Y. Feb. 10, 2012). However, CKR's contention that these records would reveal attorney-client privileged or confidential information is without merit.  "[C]ourts have consistently held that bank records are not protected by the attorney-client privilege."  Feiner v. U.S. SEC, 914 F. Supp. 2d 474, 479 (S.D.N.Y. 2012).  "[I]n the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice."  Vingelli v. U.S., DEA, 992 F.2d 449, 452 (2d Cir. 1993); see also SEC v. Sassano, 274 F.R.D. 495, 497 (S.D.N.Y. 2011).

Further, CKR's assertion that it must consult with clients before any production is dubious, as the Subpoena is directed to Citibank, and Citibank, not CKR, will be making the production.  See Grafstrom v. SEC, 532 F. Supp. 1023, 1024 (S.D.N.Y. 1982) ("Since the records are sought from banks . . . they cannot be protected by the attorney-client privilege."). To the extent that CKR argues that these records are nevertheless confidential, "an attorney may reveal confidential client information 'to comply with law or court order,'" and "Fed. R. Civ. P. 45 constitutes a 'law' that requires [a law firm] to reveal the allegedly confidential client information."  Sassano, 274 F.R.D. at 497 (citing N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0).  The confidentiality stipulation in place in this action adequately addresses CKR's confidentiality concerns.  See Esso Exploration & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp., 2017 WL 3491975, at *4 (S.D.N.Y. Aug. 15, 2017) (protective order adequately provided non-party "mechanism through which it can protect its confidential bank account information").

CKR also fails to demonstrate that the Subpoena is overbroad.  The SEC has explained that it seeks all records from 2014 to the present so that it can identify the flow of funds allegedly misappropriated in this action.  See Carrillo Huettel, LLP v. U.S. SEC, 2011 WL 601369, at *2 (S.D. Cal Feb. 11, 2011) (accepting SEC's contention that it required access to an entire bank account to "effectively trace money through [the] account" and to "reveal concealed connections between unidentified entities and persons").

Finally, CKR's belated contention at oral argument that production is barred by the Right to Financial Privacy Act ("RFPA") is misplaced.  "Normally, [courts] will not consider arguments raised for the first time in a reply brief, let alone at or after oral argument."  United States v. Barnes, 158 F.3d 662, 672 (2d Cir. 1998) (citation and alterations omitted).  On the merits, the only customers with standing to object under the RFPA are individuals or partnerships of five or fewer individuals.  See Exchange Point LLC v. U.S. SEC, 100 F. Supp. 2d 172, 174 (S.D.N.Y. 1999) (citing 12 U.S.C. § 3401(4)).  A quick review of CKR's website makes clear that it is a global law firm with nearly 50 offices and undoubtedly more than five partners.

Accordingly, CKR's motion to quash or limit the SEC's May 10, 2018 subpoena is denied.

Dated: June 29, 2018
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.