UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ :
                                           :
SECURITIES AND EXCHANGE                    :
COMMISSION,                                :       16cv3505
                                           :
                          Plaintiff,       :       MEMORANDUM & ORDER
                                           :
             -against-                     :
                                           :
DEVON ARCHER, et al.,                      :
                                           :
                          Defendants.      :
------------------------------------------ :

WILLIAM H. PAULEY III, Senior United States District Judge:

             The Securities and Exchange Commission (the "SEC") moves to compel

nonparties Camden Capital Partners LLC and Camden Real Estate Opportunity Fund I LLC

(together, "Camden") to comply with its February 2, 2018 subpoenas (the "Subpoenas").

Camden cross-moves to quash, contending the Subpoenas seek irrelevant information and pose

an undue burden.  For the reasons that follow, the SEC's motion to compel is granted in part and

denied in part, and Camden's motion to quash is denied.

             Camden Capital Partners is a two-member limited liability company, and

Camden Real Estate Opportunity Fund I LLC is an investment fund that shares Camden

Capital's office.  (Affirm. of John F. Lauro, ECF No. 160 ("Lauro Affirm.") ¶¶ 3, 5.)  The

Subpoenas seek documents from Camden because one of Camden Capital Partners' members is

Jason Sugarman.  (See Decl. of Nancy A. Brown, ECF No. 146 ("Brown Decl."), ¶ 2.)  In a

parallel criminal action, Sugarman is characterized as an unindicted coconspirator.  (See Decl. of

Nancy A. Brown in Further Supp. of the Commission's Mot., ECF No. 161, Ex. B, at 6; June 26,

2018 Hr'g Tr., at 4:15–17.)  Indeed, other documents produced in discovery show that

Sugarman—using his Camden email address—regularly communicated with the Defendants regarding matters at issue in this action. (See Brown Decl. Exs. B–F.) Sugarman also had a management role in entities relevant to this action and/or the criminal case. (See, e.g., Brown Decl. Ex. G.)

Although those communications and connections make clear that Camden possesses relevant documents, Camden contends the Subpoenas are overbroad. Indeed, the SEC seeks any documents from 2013 to the present that mention or involve at least one of 67 other individuals and entities, including those entities' parent companies, subsidiaries, and affiliates. (See Brown Decl., Ex. I, at 3–5.) In subsequent conversations, the SEC agreed to narrow production to documents mentioning two or more of those individuals or entities. Even with that limitation, Camden alleges that there are over 50,000 responsive documents that would entail hundreds of hours of attorney time to review. (Lauro Affirm. ¶¶ 18, 22.)

Under Federal Rule of Civil Procedure 45, a court must quash or modify a subpoena that subjects a nonparty to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). The party issuing the subpoena bears the burden to show relevance. Dial Corp. v. News Corp., 2015 WL 3778533, at *1 (S.D.N.Y. May 19, 2015). Once relevance is established, the burden shifts to the party moving to quash to show the subpoena "is overbroad, duplicative, or unduly burdensome." Schoolcraft v. City of N.Y., 2012 WL 2161596, at *2 (S.D.N.Y. June 14, 2012). Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs. See Dial, 2015 WL 3778533, at *1.

The SEC has demonstrated the relevance of the documents it seeks. Although Camden contends that the Subpoenas are facially overbroad in seeking documents relating to

over 60 entities, this case involves a complex web of companies and individuals. The fact that this alleged securities fraud was multifaceted should not torpedo the SEC's efforts to ascertain the facts. See Conopco Inc. v. Wein, 2007 WL 2438390, at *3 (S.D.N.Y. Aug. 27, 2007) (approving subpoena seeking "financial information of 244 entities" in part "[g]iven the nature of the alleged RICO enterprise"). Further, the SEC has shown that nearly all of the listed entities have been mentioned either in this case, the related SEC v. Atlantic Asset Management litigation, or the parallel criminal case. Further, "even if a nonparty is . . . entitled to some enhanced protection against . . . burdensome discovery requests," the protection is less robust when the nonparty is "closely allied with the defendants and the information [they] possess is . . . pertinent[.]" Schwartz v. N.Y.C. Off-Track Betting Corp., 1993 WL 42760, at *3 (S.D.N.Y. Feb. 11, 1993). The somewhat expansive (but not unlimited) timeframe is also justified by the SEC's representations to this Court. Cf. Alig-Melcarek v. Jackson, 286 F.R.D. 521, 528 (N.D. Ga. 2012) (quashing subpoena with an unlimited timeframe).

Because the documents the SEC seeks are relevant, Camden has the burden to show that production would nevertheless constitute an undue burden, and undue burden "turns, in part, on why the requested material is relevant." Schoolcraft, 2012 WL 2161596, at *2. Camden argues that it will cost in excess of $400,000 to fulfill the SEC's discovery request. (Lauro Affirm., ¶¶ 17, 20.) That estimate seems overblown. Nevertheless, this Court recognizes that the Camden entities are nonparties, and "within this Circuit, courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." In re 650 Fifth Avenue & Related Properties, 2013 WL 12335763, at *2 (S.D.N.Y. Aug, 29, 2013) (citation and alterations omitted).

It is unusual that the parties in this action could not agree on search terms that would reasonably cabin Camden's production. In its current form, the Subpoenas may require Camden to produce thousands of documents ultimately irrelevant to this action. Although the SEC rejected Camden's suggestion to narrow production to documents containing the words "tribal" or "bond," this Court directs the parties to meet and confer regarding the creation of a list of search terms. Camden should ultimately be responsible to produce or claim privilege for all documents that they possess that both: (1) mention or involve two or more of the 67 individuals or entities; and (2) contain one or more reasonably-agreed upon search terms. This is a reasonable compromise to ensure that the Camden entities do not incur significant time and expense in responding to the Subpoenas while allowing the SEC access to any relevant documents.

Accordingly, the SEC's motion to compel is granted in part and denied in part. Camden's motion to quash is denied. This Court compels Camden to comply with the Subpoenas as set forth in this Memorandum & Order. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 145 and 158.

Dated: July 2, 2018
     New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.