UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION, :
:
    Plaintiff, : 16 Civ. 3505 (WHP)
:
    v. : ECF Case
:
DEVON D. ARCHER, BEVAN T. COONEY, :
HUGH DUNKERLEY, JASON W. GALANIS, :
JOHN P. GALANIS, GARY T. HIRST, :
MICHELLE A. MORTON and :
FRANCISCO MARTIN, :
:
    Defendants. :
------------------------------------------------------------------- x

**FINAL JUDGMENT AS TO DEFENDANT HUGH DUNKERLEY**

The Securities and Exchange Commission having filed a Complaint and Defendant Hugh Dunkerley ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

1

    (b)       to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)       to employ any device, scheme, or artifice to defraud;

    (b)       to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $145,485, representing his ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest of $27,211.42, for a total of $172,696.42. Said disgorgement and prejudgment interest shall be offset by entry of an anticipated order of forfeiture and/or restitution ordered to be paid in the criminal Judgment or Final Order of Forfeiture and/or Final Order of Restitution to be entered in *United States v. Jason Galanis*, 16 Cr. 371 (RA) (S.D.N.Y.) within three (3) years of the date of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____May 28_____, _2019_          SO ORDERED:

                                                    _____
                                                    WILLIAM H. PAULEY III
                                                    U.S.D.J.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,  :
:
    Plaintiff,  :   16 Civ. 3505 (WHP)
:
    v.  :   ECF Case
:
DEVON D. ARCHER, BEVAN T. COONEY,  :
HUGH DUNKERLEY, JASON W. GALANIS,  :
JOHN P. GALANIS, GARY T. HIRST,  :
MICHELLE A. MORTON and  :
FRANCISCO MARTIN,  :
:
    Defendants.  :
------------------------------------------------------------------- x

## CONSENT OF DEFENDANT HUGH DUNKERLEY

1. Defendant Hugh Dunkerley ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Dunkerley,* 16 Cr. 371 (RA) (S.D.N.Y.) ("*United States v. Dunkerley*"), Defendant pleaded guilty to one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, two counts of securities fraud in violation of 15 U.S.C. § 78j (b) and 17 C.F.R. § 240.10b-5, one count of bankruptcy fraud in violation of 18 U.S.C. § 157, and one count of falsification of records to obstruct a government investigation in violation of 18 U.S.C. § 1519. In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Dunkerley.*

3. Defendant hereby consents to the entry of the final Judgment in the form attached

hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q];

    (b)    permanently prohibits Defendant, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

    (c)    orders that while Defendant is liable to pay disgorgement of $145,485, representing his ill-gotten gains, together with prejudgment interest of $27,211.42, for a total of $172,696.42, such obligation to pay disgorgement and prejudgment interest shall be offset by entry of an anticipated order of forfeiture and/or restitution ordered to be paid in the criminal Judgment or Final Order of Forfeiture and/or Final Order of Restitution to be entered in *United States v. Jason Galanis*, 16 Cr. 371 (RA) (S.D.N.Y.) within three (3) years of the date of this Final Judgment.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

§523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: April 30th 2019            _____
                                  Hugh Dunkerley

On April 30, 2019, Hugh Dunkerley, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Aug. 27, 2022

See attached

5

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Orange_
On _April 30, 2019_ before me, _Toni Bullock, Notary Public_
Date                                    Here Insert Name and Title of the Officer
personally appeared _Hugh Dunkerley_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.



TONI BULLOCK
Notary Public - California
Orange County
Commission # 2252000
My Comm. Expires Aug 27, 2022

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Toni Bullock_

Place Notary Seal and/or Stamp Above                    Signature of Notary Public

——————————— OPTIONAL ———————————
Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _Consent of Defendant of Hugh Dunkerley_
Document Date: _4/30/2019_   Number of Pages: _1_
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____                  Signer's Name: _____
☐ Corporate Officer – Title(s): _____          ☐ Corporate Officer – Title(s): _____
☐ Partner – ☐ Limited ☐ General                ☐ Partner – ☐ Limited ☐ General
☐ Individual         ☐ Attorney in Fact         ☐ Individual         ☐ Attorney in Fact
☐ Trustee            ☐ Guardian of Conservator  ☐ Trustee            ☐ Guardian of Conservator
☐ Other: _____                         ☐ Other: _____
Signer is Representing: _____          Signer is Representing: _____

©2017 National Notary Association

# EXHIBIT A

```
XH6D7DUNP                                    SEALED
```

                                                                        1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                                16 Cr. 371 (RA)

HUGH DUNKERLEY,

                  Defendant.                 S E A L E D

------------------------------x

                                             New York, N.Y.
                                             June 13, 2017
                                             3:00 p.m.

Before:

                       HON. RONNIE ABRAMS

                                             District Judge

                          APPEARANCES

JOON S. KIM
     Acting United States Attorney for the
     Southern District of New York
BY:  REBECCA MERMELSTEIN
     Assistant United States Attorney

JOSEPH GROB
     Attorney for Defendant

ALSO PRESENT:  Shannon Bieneck, F.B.I.
               Victoria Levina, Intern

```
 1              THE COURT:  And with respect to Count Two of the
 2   superseding information?
 3              THE DEFENDANT:  Guilty.
 4              THE COURT:  With respect to Count Three?
 5              THE DEFENDANT:  Guilty.
 6              THE COURT:  With respect to Count Four?
 7              THE DEFENDANT:  Guilty.
 8              THE COURT:  And with respect to Count Five?
 9              THE DEFENDANT:  Guilty.
10              THE COURT:  Now, tell me in your own words what you
11   did that makes you believe that you are guilty of these
12   offenses.
13              THE DEFENDANT:  So for Counts One and Two I agreed
14   with others to misappropriate proceeds of several bond
15   assurances by making or directing transfers of proceeds to
16   persons and entities not entitled to the funds.
17              For Count Three, I agreed with others to direct a wire
18   from a European counterparty to the wrong bank account of a
19   U.S. company that was not supposed to receive the funds.
20              For Count Four, I submitted false documents in
21   connection with a bankruptcy pigs, claiming that a certain
22   company was a legitimate debtor when it was not.
23              And for Count Five, I submitted false documents in
24   connection with subpoenas issued to me by this state -- oh,
25   sorry, the SEC.
```

XH6D7DUNP                    SEALED

```
 1            THE COURT:  And when you did these things, did you
 2   know that what you were doing was wrong and illegal?
 3            THE DEFENDANT:  Yes, I did.
 4            THE COURT:  And where did you do these things?  Where
 5   were you?
 6            THE DEFENDANT:  I was in various locations, from
 7   southern California, to Paris, to New York, around the world.
 8            MS. MERMELSTEIN:  If I could proffer on venue, your
 9   Honor.
10            THE COURT:  Why don't you do that.
11            MS. MERMELSTEIN:  With respect to Counts One and Two,
12   there were meetings attended by various members of the
13   conspiracy held in the Southern District of New York.  The
14   broker dealer that served as the placement agent for the bonds
15   was headquartered in the Southern District of New York.
16   Various bonds were issued as part of this scheme to a
17   coconspirator and were held at a brokerage firm in New York,
18   and proceeds of the offense were spent in New York.
19            I'm going to skip to Count Three and return to it
20   momentarily.  The fraudulent bankruptcy filing was made in the
21   Southern District of New York, and the false documents were
22   submitted to the Securities and Exchange Commission in the
23   Southern District of New York pursuant to a subpoena issued
24   here.
25            With respect to Count Three there is some question, I
```