UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION, :
:
    Plaintiff, : 16 Civ. 3505 (WHP)
:
    v. : ECF Case
:
DEVON D. ARCHER, BEVAN T. COONEY, :
HUGH DUNKERLEY, JASON W. GALANIS, :
JOHN P. GALANIS, GARY T. HIRST, :
MICHELLE A. MORTON and :
FRANCISCO MARTIN, :
:
    Defendants. :
------------------------------------------------------------------- x

**FINAL JUDGMENT AS TO DEFENDANT GARY T. HIRST**

The Securities and Exchange Commission having filed a Complaint and Defendant Gary T. Hirst ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §§ 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

1

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the cirucumstances under which they were made, not misleading; or

 (b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,335,000, representing his ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest of $350,546.10, for a total of $2,685,546.10.  However, Defendant's obligation to pay disgorgement and prejudgment interest shall be deemed satisfied upon entry of this Final Judgment by the restitution and/or forfeiture orders entered against him in *United States v. Jason Galanis, et al.*, 16 Cr. 371 (RA) (S.D.N.Y.) (DE 616, 625).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

3

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: \_\_\_\_May 28\_\_\_\_, 2019           SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,   :
        Plaintiff,   :   16 Civ. 3505 (WHP)
        v.   :   ECF Case
DEVON D. ARCHER, BEVAN T. COONEY,   :
HUGH DUNKERLEY, JASON W. GALANIS,   :
JOHN P. GALANIS, GARY T. HIRST,   :
MICHELLE A. MORTON and   :
FRANCISCO MARTIN,   :
        Defendants.   :
------------------------------------------------------------ x

### CONSENT OF DEFENDANT GARY T. HIRST

    1.    Defendant Gary T. Hirst ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

    2.    Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Galanis*, No. 16 Cr. 371 (RA) (S.D.N.Y.) ("*United States v. Galanis*"), Defendant pleaded guilty to one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371, one count of securities fraud in violation of 15 U.S.C. § 78j(b) and 17 CFR § 240.10b-5; one count of conspiracy to commit investment advisor fraud in violation of 18 U.S.C. § 371, and one count of investment advisor fraud in violation of 15 U.S.C. § 80b-6. In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Galanis*.

    3.    Defendant hereby consents to the entry of the final Judgment in the form attached

1

hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q]; and

(b) orders that while Defendant is liable to pay disgorgement of $2,335,000, representing his ill-gotten gains, together with prejudgment interest of $350,546.10, for a total of $2,685,546.10, such obligation to pay disgorgement and prejudgment interest shall be deemed satisfied by the restitution and/or forfeiture orders entered in the criminal action against him, *United States v. Galanis* (DE 616, 625).

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.  Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or

respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

    12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/17/2019

_____
Gary T. Hirst

On __17th__, 2019, __Jan__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Wendy N. Howell
NOTARY PUBLIC
TOOMBS COUNTY, GEORGIA
My Commission Expires 03/14/2021

_____
Notary Public
Commission expires:

Approved as to form:

_____
Robert Knuts
Sher Tremonte LLP
90 Broad Street
23th Floor
New York, NY  10004
Counsel for Defendant Gary T. Hirst

# EXHIBIT A

Case 1:16-cr-03505-GHW-QTW Document 243 Filed 05/28/19 Page 12 of 14
Case 1:16-cr-50971-RA Document 400 Filed 05/15/18 Page 9 of 34
1
15F1415RR

```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
                ------------------------------x

                UNITED STATES OF AMERICA,

                         v.                         16 Cr. 371 (RA)

                GARY HIRST,
                                                    Plea
                             Defendant.

                ------------------------------x

                                                    New York, N.Y.
                                                    May 15, 2018
                                                    12:10 p.m.


                Before:

                              HON. BARBARA MOSES,

                                               Magistrate Judge

                              APPEARANCES

                GEOFFREY S. BERMAN
                     United States Attorney for the
                     Southern District of New York
                BRENDAN QUIGLEY
                     Assistant United States Attorney

                BARRY LEVIN
                     Attorney for Defendant
                     -and-
                SHER TREMONTE LLP
                NOAM BIALE
                EMMA SPIRO


                Also Present:  James Eckel, FBI
```

1    do you plead, guilty or not guilty?
2               THE DEFENDANT:  Guilty.
3               THE COURT:  With respect to Count Two, how do you
4    plead?
5               THE DEFENDANT:  Guilty.
6               THE COURT:  With respect to Count Three, how do you
7    plead?
8               THE DEFENDANT:  Guilty.
9               THE COURT:  And with respect to Count Four, how do you
10   plead?
11              THE DEFENDANT:  Guilty.
12              THE COURT:  Please tell me in your own words what you
13   did that makes you guilty of those crimes.
14              THE DEFENDANT:  In or about the summer of 2014, I
15   agreed with others to deceive certain clients of Hughes Capital
16   Management by not disclosing to those clients conflicts of
17   interest that I was aware of prior to Hughes purchasing certain
18   bonds on behalf of its clients.
19              I myself did not disclose any conflicts of interest,
20   and I was not aware of anybody else at Hughes disclosing them.
21              Furthermore, I knew that the purchases of the bonds
22   were going to be made without advance notice to the clients.
23   And while there was debate about whether that was necessary, I
24   believe that the clients would have wanted to know at least
25   about the conflicts of interest before approving the purchase

1    of the bonds.
2              I knew that withholding information about the
3    conflicts of interest from the investors was unlawful.
4              As part of that unlawful agreement, I was asked to
5    sign and did sign certain documents, which are entitled trade
6    tickets.  When I signed those documents, I understood that act
7    was part of Hughes' purchase of the Wakpamni bonds for its
8    clients.
9              THE COURT:  Are you done?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  Mr. Hirst, I noted that you were reading
12   from notes with the assistance of the spectacles that you are
13   sharing with your attorney.  Did one or more of your attorneys
14   help prepare the testimony that you just gave?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  Do you adopt those words as your own?
17             THE DEFENDANT:  I did actually modify them to fit in
18   my own thoughts.  So, yes, your Honor.
19             THE COURT:  Is everything that you just told me true?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  At the time you engaged in the acts you
22   just described to me, did you know that what you were doing was
23   wrong?
24             THE DEFENDANT:  I did, your Honor.
25             THE COURT:  Are there any additional questions that