UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,  :
:
    Plaintiff,  :    16 Civ. 3505 (WHP)
:
    v.  :    ECF Case
:
DEVON D. ARCHER, BEVAN T. COONEY,  :
HUGH DUNKERLEY, JASON W. GALANIS,  :
JOHN P. GALANIS, GARY T. HIRST,  :
MICHELLE A. MORTON and  :
FRANCISCO MARTIN,  :
:
    Defendants.  :
------------------------------------------------------------------- x

## FINAL JUDGMENT AS TO DEFENDANT JASON W. GALANIS

The Securities and Exchange Commission having filed a Complaint and Defendant Jason W. Galanis ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

1

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $11,589,774.73, representing his ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest of $ 1,739,935.95, for a total of $13,329,710.68.  However, Defendant's obligation to pay disgorgement and prejudgment interest shall be deemed satisfied upon entry of this Final Judgment by the restitution and/or forfeiture orders entered against him in *United States v. Jason Galanis, et al.*, 16 Cr. 371 (RA) (S.D.N.Y.) (DE 124, 232).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: ___May 28___, _2019_

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

      v.

DEVON D. ARCHER, BEVAN T. COONEY,
HUGH DUNKERLEY, JASON W. GALANIS,
JOHN P. GALANIS, GARY T. HIRST,
MICHELLE A. MORTON and
FRANCISCO MARTIN,

      Defendants.
------------------------------------------------------------ x

16 Civ. 3505 (WHP)

ECF Case

## CONSENT OF DEFENDANT JASON W. GALANIS

1. Defendant Jason W. Galanis ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Galanis*, 16 Cr. 371 (RA) (S.D.N.Y.) ("*United States v. Galanis*"), Defendant pleaded guilty to one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371; one count of securities fraud in violation of 15 U.S.C. § 78j(b); and one count of conspiracy to commit investment adviser fraud in violation of 18 U.S.C. § 371. In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Galanis*.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

1

(a) permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q];

(b) permanently prohibits Defendant, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

(c) orders that while Defendant is liable to pay disgorgement of $11,589,774.73, representing his ill-gotten gains, together with prejudgment interest of $1,739,935.95, for a total of $13,329,710.68, such obligation to pay disgorgement and prejudgment interest shall be deemed satisfied by the restitution and/or forfeiture orders entered in the criminal action against him, *United States v. Galanis* (DE 124, 232).

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.  Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

4

litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/2/19

_____
Jason Galanis

On ___2___, 201_9_, __Jason_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____, CSW, TRM.
Notary Public
Commission expires:

M. BUGARIN, CASE MANAGER, AUTHORIZED
BY THE ACT OF JULY 7, 1955, AS AMENDED
TO ADMINISTER OATHS (18 USC 4004).

On ___2___, 201_9_, __Jason_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____
Notary Public
Commission expires:

# EXHIBIT A

H1JTGALP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            16 CR 371 (RA)

JASON GALANIS,

            Defendant.

------------------------------x
                                          New York, N.Y.
                                          January 19, 2017
                                          12:00 p.m.

Before:

                    HON. RONNIE ABRAMS,

                                          District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BRIAN BLAIS
REBECCA MERMELSTEIN
AIMEE HECTOR
     Assistant United States Attorneys

LISA SCOLARI
CHRISTOPHER MADIOU
     Attorneys for Defendant
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  guilty?
2          THE DEFENDANT:  It is.
3          THE COURT:  So now I'm going to ask you the official
4  question with respect to Counts One, Two and Three, which is
5  how you plead.
6          So with respect to Count One of the superseding
7  indictment, how do you plead?
8          THE DEFENDANT:  Guilty, your Honor.
9          THE COURT:  With respect to Count Two of the
10 superseding indictment, how do you plead?
11         THE DEFENDANT:  Guilty.
12         THE COURT:  And with respect to Count Three?
13         THE DEFENDANT:  Guilty.
14         THE COURT:  Do you admit or deny the forfeiture
15 allegations in the superseding indictment?
16         THE DEFENDANT:  I admit.
17         THE COURT:  Tell me in your own words what you did
18 that makes you believe that you're guilty of these crimes.
19         THE DEFENDANT:  Your Honor, as to Counts One and Two,
20 between March 2014 and April 2016 I agreed with others to
21 withhold material information related to conflicts of interest
22 in connection with the purchase and sale of bonds.
23         With respect to Count Three, your Honor, between
24 May 2014 and April 2016 I agreed with others to engage in
25 deceptive and manipulative business transactions in connection

1   with an investment adviser.
2              MS. SCOLARI:  Your Honor, I would just add, as to the
3   interstate commerce impact issue, that emails were used in the
4   course of the admissions that Mr. Galanis just made.
5              THE COURT:  With respect to the conduct relevant to
6   both or all three counts?
7              MS. SCOLARI:  Yes, that's correct.
8              THE COURT:  And when you did this, did you know what
9   you were doing was wrong and illegal?
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  And does the government want to follow up
12  with a few questions?
13             MR. BLAIS:  Your Honor, I think his allocution is
14  actually -- although minimalist, is actually legally
15  sufficient.  I could make a proffer with respect to venue --
16             THE COURT:  All right.
17             MR. BLAIS:  -- as to these counts.
18             With respect to all counts, there were meetings at
19  which the defendant attended that were held in New York,
20  including meetings with the investment adviser who was
21  responsible for the placement of the bonds that are at issue
22  here.
23             In addition, the broker-dealer that served as the
24  placement agent for these particular bonds was located here in
25  New York.  Additionally, there were various bonds that were