

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

September 3, 2025

**BY ECF**

Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:    *SEC v. Archer, et al.*, No. 16 Civ. 3505 (GHW) (OTW)

Dear Judge Wang:

     We represent Devon Archer. We write in response to the August 25 letter from Plaintiff Securities and Exchange Commission seeking to continue the stay of this case and for leave to provide a status update to the Court on November 21, 2025. [ECF No. 302]. As noted in the SEC's letter, Mr. Archer objects to an additional three-month delay before the SEC is required to update the Court on whether it will proceed with the case. We asked that the SEC provide our position in its letter to avoid multiple submissions to the Court, but the SEC refused and directed us to write separately.

     The SEC's prior status update from June of this year explained that the SEC was considering how best to proceed in light of Mr. Archer's full and unconditional pardon. [ECF No. 300]. At that time, Mr. Archer took no position on the SEC's request, *id.*, but we explained to the SEC that Mr. Archer would not wait indefinitely. While we appreciate that the SEC has a broader policy question it must address about how to deal with cases involving pardons, further delay is not fair to Mr. Archer, who was sued more than nine years ago for conduct that is well over a decade old. Because his conviction was never final, pardon or not, there is no preclusive effect from the parallel case, so if the SEC decides to press forward (which it shouldn't), everything will have to be litigated from scratch. It is simply not fair to make Mr. Archer wait indefinitely, while memories continue to erode and witnesses become unreachable, while the SEC takes months and months to decide what to do about a case that—as to Mr. Archer, as Judge Abrams found in determining that there was compelling reason to believe that he is factually innocent—should not have been brought in the first place.

     The SEC previously sought to compel discovery from Mr. Archer when it benefited the SEC, arguing that a delay would prejudice it. [*See* ECF No. 284 (July 12, 2022 Order denying Mr. Archer's request for a stay)]. Now the SEC asks that Mr. Archer sit tight while it decides what to do. We ask that the Court deny the SEC's request or, at a minimum, set a firm deadline after which the Court will dismiss this case for failure to prosecute.

     Respectfully,

     /s/    Matthew L. Schwartz
     Matthew L. Schwartz